UNITED STATES of America, Appellee,

v.

Jack C. RIFEN, Appellant.

No. 80–1227.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1980.

Decided Dec. 3, 1980.

---

PER CURIAM.

In 1977 Jack C. Rifen was convicted under 18 U.S.C. § 287 and 26 U.S.C. §§ 7203 and 7205. *United States v. Rifen*, 577 F.2d 1111 (8th Cir. 1978). Rifen was sentenced to a one year prison term and two years probation subsequent to his release from confinement. In March 1980 the district court found him in violation of his terms of probation and ordered his probation revoked. This appeal followed. We affirm.

In February, 1980 Rifen's probation officer filed a report alleging that Rifen violated the terms of his probation [1] by submitting an amended United States Tax Return 1040X, for 1977 in which he claimed no tax liability on an income of $20,150.72 and requested a refund of $3,770.83, the amount of federal income tax withheld. Rifen's return indicated only these amounts. All other blanks contained only the word "object." Rifen was also alleged to have filed no income tax return for 1978 despite his having earned a level of income requiring such a filing.

At a revocation hearing the district court judge found Rifen had violated the terms of his probation and ordered probation revoked.

Rifen complains, first, that he received inadequate notice of the reasons for seeking revocation of probation. This contention is unsupported by the record. A probationer accused of violating the terms of probation is entitled to a prompt preliminary hearing on arrest to determine whether there is probable cause to believe a violation of probation has occurred. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *cf. Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Rifen received a preliminary hearing and signed a waiver of counsel form at that time, stipulating that he had been fully informed of the charges.

Rifen also contends that the evidence did not support the district court's

Ronald L. Hall, Asst. Federal Public Defender, Western District of Missouri, argued, Kansas City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Kenneth Josephson, Asst. U. S. Atty., argued, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

1. In addition to the usual terms of probation the judge included, as a special condition, "that the defendant shall not aid and abet or encourage others to violate the law, State or Federal, including but not limited to failure to file income tax returns or to fail or refuse to provide accurate information for assessment of Income or other taxes or for withholding of taxes."

finding that he had violated the terms of his probation.[2] The evidence presented here amply supports the district court's finding. It is clear that Rifen failed to file a 1978 tax return or provide information to the Internal Revenue Service. The evidence showed that he filed a patently false 1977 return as well. This evidence overwhelmingly provided sufficient probable cause for the district court to find that Rifen violated federal tax laws in contravention of the general conditions of his probation.

Under the circumstances, whether Rifen technically violated the terms of his special condition is not controlling. Probation and the conditions upon which it is granted as well as its revocation are within the discretion of the trial court and are reviewable only upon a showing of abuse of discretion. *United States v. Alarik*, 439 F.2d 1349, 1351 (8th Cir. 1971). No abuse of discretion is shown on this record. We affirm the order revoking probation.

2. Due process in probation revocation proceedings requires adequate proof of the alleged violations of the conditions of probation. *United States v. Reed*, 573 F.2d 1020, 1023 (8th Cir. 1978); *United States v. Strada*, 503 F.2d 1081, 1085 (8th Cir. 1974).