UNITED STATES of America, Appellee,

v.

Betty Jo Blackwell
DRINKALL, Appellant.

No. 84–1240.

United States Court of Appeals,
Eighth Circuit.

Submitted July 30, 1984.

Decided Nov. 26, 1984.

Robin L. Hermann, Des Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty. and Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Betty Jo Blackwell Drinkall appeals the judgment of the district court revoking her probation and ordering her to serve the remainder of her sentence. For the reasons set forth below, we reverse and remand for further proceedings.

Drinkall was indicted by a federal grand jury on April 20, 1983, on charges of forgery and embezzlement of social security checks payable to her deceased mother-in-law, Edna Blackwell. Drinkall entered into a plea agreement with the United States Attorney, and pled guilty to several of the charges of the indictment on August 19, 1983. The district court accepted the plea and sentenced her to imprisonment for two years on each of four counts to run concurrently, to serve three months of the sentence with the remainder suspended. Drinkall was also placed on three years' probation to begin with her release from confinement.

Several months later, the United States Attorney filed an application to revoke probation, alleging that Drinkall violated the terms of her probation by fraudulently obtaining and negotiating social security benefits under the widow's and mother's benefits program. On February 10, 1984, the district court held a hearing and found that the government had established that Drinkall violated her probation by violating federal law. The court ended the suspension of her sentence, revoked probation, and ordered that she serve the remainder of her sentence. Drinkall then brought this appeal.

■ We review the trial court's decision to revoke probation, on an abuse of discretion standard. *United States v. Rifen,* 634 F.2d 1142, 1143, 1144 (8th Cir.1980). Drinkall argues that the district court abused its discretion: (1) in finding that she had violated the terms of her probation without

finding that she had fraudulently obtained benefits to which she was not entitled, and 2) in revoking her probation for alleged criminal acts which the court or the government knew of prior to the date that her original sentence was imposed. Based on her failure to report her remarriage to Arthur Drinkall to the Social Security Administration, the district court found that Drinkall violated federal law. In support of this determination, the court cited that Drinkall signed her application for widow's and mother's benefits in 1976, which required that she notify the Social Security Administration if she remarries; that she married Arthur Drinkall on May 19, 1979; that on August 18, 1980, she filed a statement with the Social Security Administration responding "No" to the question, "Have you remarried since filing for social security benefits?" and signed it "Betty Blackwell;" and that she initialed an affidavit on November 23, 1982 to James Marsicek from the Office of Investigations, Department of Health and Human Services, which stated, "I am not legally married to Arthur Drinkall. We have been living together about four (4) years."[1] The government also introduced into evidence two social security checks which Drinkall endorsed "Betty Blackwell" and negotiated while she was on probation.

■ Remarriage generally disqualifies a woman from continuing to receive widow's and mother's social security benefits. *See* 42 U.S.C. §§ 402(e), 402(g). Section 402(g) provides, however, that for mother's and father's benefits:

(3) In the case of a surviving spouse or surviving divorced parent who marries—

(A) an individual entitled to benefits under this subsection or subsection (a), (b), (c), (e), (f), or (h) of this section, or under section 423(a) of this title, * * *

\* \* \* \* \* \*

the entitlement of such surviving spouse or surviving divorced parent to benefits under this subsection shall, notwithstand-

ing the provisions of paragraph (1) of this subsection but subject to subsection (s) of this section, not be terminated by reason of such marriage.

Before the district court can determine that Drinkall fraudulently obtained widow's or mother's benefits, it must determine that she was not entitled to these benefits. The district court abused its discretion in revoking her probation without this finding.

■ As for her second argument, we cannot determine from this record whether the district court based the revocation of probation on Drinkall's actions prior to her conviction. To revoke her probation for violating federal law, however, the district court must determine that Drinkall engaged in unlawful conduct while she was on probation. *See United States v. Rifen*, 634 F.2d at 1144 n. 2; *United States v. Reed*, 573 F.2d 1020, 1023 (8th Cir.1978). To this extent, Drinkall is correct in arguing that the court may not revoke her probation based solely on unlawful conduct of which it or the government was aware at the time of sentencing. However, the fact that the prosecutor and the Court knew that Drinkall was married at the time of sentencing does not necessarily demonstrate that they were aware of her alleged continuing misrepresentation of her marital status to the Social Security Administration.

We note further that 42 U.S.C. § 408(c) provides that whoever "at any time makes or causes to be made any false statement or representation of a material fact for use in determining rights to payment under this subchapter; * * * shall be guilty of a felony * * *. The district court may thus also revoke Drinkall's probation based on a finding of any misrepresentation of her marital status made after her conviction.

Accordingly, we hold that the district court abused its discretion in revoking Drinkall's probation without adequate findings that she violated federal law while on

---

**1.** Drinkall insisted at her revocation hearing that she did not make this statement, and at her sentencing hearing she affirmatively corrected

her pre-sentence investigation by stating that she was married to Arthur Drinkall.

probation. We therefore remand the case for further proceedings consistent with this opinion.