**The STATE of North Dakota, Plaintiff and Appellee,**

v.

**Werner KUNKEL, Defendant and Appellant.**

Cr. Nos. 890292, 890293.

Supreme Court of North Dakota.

April 25, 1990.

Lewis C. Jorgenson, State's Atty., Devils Lake, for plaintiff and appellee; submitted on brief.

Thomas L. Trenbeath of Fleming, Du-Bois & Trenbeath, Cavalier, for defendant and appellant.

VANDE WALLE, Justice.

Werner Kunkel appealed from an order of the county court for Ramsey County which revoked two sentences to probation that Kunkel was serving and imposed sentences of imprisonment at the State Farm. We reverse.

Werner Kunkel was placed on probation by the Ramsey County Court for the offenses of menacing, a class A misdemeanor, and possession of an imitation controlled substance, a class B misdemeanor. *See* NDCC §§ 12.1–17–05 and 19–03.2–03(3). The court's only condition of probation required Kunkel to commit no criminal offenses during the period of probation. This condition was imposed orally by the court at the time of Kunkel's sentencing. In response to a question from the court, Kunkel stated that he understood the condition. The court's condition of probation was not placed in writing in the criminal judgment or in a "certificate" of probation. *See* NDCC § 12.1–32–07(3).

During the subsequent period of probation, Kunkel was convicted by a jury in Ramsey County Court for driving under suspension [hereinafter DUS]. *See* NDCC § 39–06–42. Kunkel also entered a conditional plea of guilty under Rule 11(a)(2), NDRCrimP, in the Ramsey County District Court for the offense of accomplice to possession of a controlled substance with intent to deliver [hereinafter Accomplice]. *See* NDCC §§ 12.1–03–01 and 19–03.1–23. Kunkel eventually appealed the DUS and Accomplice convictions to this Court.

Subsequent to the appeals from the convictions, the county court for Ramsey County ordered a probation revocation hearing based upon Kunkel's violation of its earlier condition of probation. The Ramsey County State's Attorney did not

appear at the revocation hearing because he had reached an agreement with Kunkel's counsel to refrain from seeking revocation until the determination of the DUS and Accomplice appeals to this Court.

During the revocation hearing, the county court took judicial notice of DUS and Accomplice convictions against Kunkel. In response, Kunkel argued that the condition attached to his previous sentences to probation, *i.e.*, that he commit no criminal offenses during his probation period, was improper because the condition was not set forth in writing. *See* NDCC § 12.1–32–07(3). Moreover, Kunkel argued that it was error for the trial court to take judicial notice of his subsequent convictions and thereby act, in essence, as both prosecutor and judge. The county court rejected Kunkel's arguments, revoked his two prior sentences to probation, and ordered Kunkel committed to the State Farm.

On appeal, Kunkel contends that his probation sentences were invalid because the probation condition imposed by the court, that Kunkel commit no further criminal offenses, was not in writing. Kunkel also argues that it was error for the county court to take judicial notice of his subsequent convictions at the revocation hearing.

We recently reversed and remanded Kunkel's DUS and Accomplice convictions for new trials. *See State v. Kunkel*, 452 N.W.2d 337 (N.D.1990); *State v. Kunkel*, 455 N.W.2d 208 (N.D.1990). If a probation revocation is based upon a conviction which is subsequently reversed, the probation revocation must also be reversed. *Oksoktaruk v. State*, 619 P.2d 480 (Alaska 1980). *See also* 3 LaFave *Criminal Procedure*, § 25.4 (1984). Because we reversed the convictions that were the grounds for Kunkel's probation revocation, the probation revocation must also be reversed.

Although our subsequent reversal and remand of Kunkel's convictions are dispositive of this case, we nevertheless consider Kunkel's first issue, whether or not the sentences to probation were invalid, because the issue is likely to reoccur if Kunkel is again convicted on remand. *See State v. Michlitsch*, 438 N.W.2d 175 (N.D. 1989) [when one item is dispositive of an appeal, court may address additional issues because of the likelihood of reoccurrence on remand].

On appeal, Kunkel does not contend that he failed to receive actual notice of his sole condition of probation. Rather, Kunkel contends that the condition attached to his sentence to probation was invalid because the condition imposed by the trial court was not in writing.

At the time of Kunkel's probation sentencing, NDCC § 12.1–32–07(3) provided: "When a defendant is sentenced to probation he shall be given a certificate explicitly setting forth the conditions on which he is being released." [1] With respect to conditions of probation, NDCC § 12.1–32–07(1) stated in part: "[t]he court shall provide as an explicit condition of every sentence to probation that the defendant not commit another offense during the period for which the sentence remains subject to revocation." NDCC § 12.1–32–07(2) listed fifteen optional conditions which a trial court could impose on the defendant in a sentence to probation, such as conditions that would prohibit the defendant from possessing a firearm, require the defendant to refrain from excessive use of alcohol, and require the defendant to submit to various forms of medical or psychiatric treatment. Thus, § 12.1–32–07 listed the various conditions of probation in two separate provisions, one of which contained a mandatory proscription against the commission of further criminal offenses, and the other which allowed courts the option to proscribe, or require, certain noncriminal conduct by the defendant.[2]

1. Kunkel was sentenced to probation on September 12, 1988, and his probation was revoked by the trial court on August 29, 1989. During the 1989 Legislative Assembly, numerous changes were made to the sentencing statutes in chapter 12.1–32, NDCC. While the modifications included changes to § 12.1–32–07, that section still requires that the defendant receive a certificate setting forth probation conditions. *See* NDCC § 12.1–32–07(4).

2. It is clear that conditions of probation may prohibit activity that is not itself violative of the

It has been held that "[t]he proscription against criminal conduct is so basic that it is a condition of probation even if it is not expressly set forth in the [probation] order." *People v. Thrash,* 80 Cal.App.3d 898, 902, 146 Cal.Rptr. 32, 35 (1978). The great weight of authority is that there is an *implied* condition in every probation or suspended sentence that the defendant shall not commit further violations of the criminal law. *See, e.g., United States v. Dane,* 570 F.2d 840 (9th Cir.1977), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978); *State v. Holter,* 340 N.W.2d 691 (S.D.1983); *Jaynes v. State,* 437 N.E.2d 137 (Ind.App.1982); *Wilcox v. State,* 395 So.2d 1054 (Ala.1981); *State v. Austin,* 295 N.W.2d 246 (Minn.1980); *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569 (1979); *State v. McGinnis,* 243 N.W.2d 583 (Iowa 1976). *See generally* 2 Cipes, *Criminal Defense Techniques* § 47.02[2](iv) (1989) [probation condition most frequently implied by courts in release order is that the probationer be law-abiding]; Note, *Legal Aspects of Probation Revocation,* 59 Colum.L.Rev. 310, 315 (1959) [courts have found implied condition that probationer must not commit further crime].

In *United States v. Dane, supra,* 570 F.2d at 843–44, the Ninth Circuit Court of Appeals observed:

"As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal condition is not essential for purposes of notice.... [K]nowledge of the criminal law is imputed to the probationer, as is the understanding that violation of the law will lead to the revocation of probation. On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning."

Thus, *Dane* underscores the vital importance of giving a probationer some type of formal notice of *noncriminal* conduct which would result in the revocation of probation, while recognizing that a proscription against criminal activity is an implied condition of every probation as no person has the right to commit a crime. *Accord* Project, *Criminal Procedure,* 76 Geo.L.J. 1073, 1173 (1988) [it is constitutionally required that a probationer have notice of any noncriminal conduct that could result in loss of freedom].

The Court of Appeals of Arizona has held that its rule of criminal procedure requiring a defendant to receive written notice of his or her probation conditions did not apply to a condition prohibiting the defendant from violating the criminal law, but only applied to such other "additional conditions" which might be grounds for probation revocation. *See State v. Acosta,* 25 Ariz.App. 44, 45, 540 P.2d 1263, 1264 (1975). While the case of *Ross v. State,* 268 Ark. 189, 594 S.W.2d 852 (1980), is contrary to this position, we disagree with its rationale and adopt the aforementioned views expressed in such cases as *Dane* and *Acosta.* Thus, we conclude that the requirement of NDCC § 12.1–32–07(3) that a probationer receive a written certificate of his or her probation conditions was meant to apply to those instances in which the court, as permitted by statute, proscribes or requires certain noncriminal conduct. While we encourage trial judges to include the mandatory condition that the defendant commit no criminal offenses during the period of probation in the certificate required by the statute, we will not reverse an order revoking probation for committing a criminal offense where that condition is not included in the certificate. We refuse to conclude that an adult person of sound mind and normal intelligence must be told in writing that he or she cannot commit criminal offenses. If specific notice of that condition is required, and we do not hold here that it is, the record in this case is clear that the trial court did impose that condition, as required by statute, and that Kunkel acknowledged he was aware that was a condition of his sentence to probation.

criminal law. *See State v. Evans,* 77 Wis.2d 225, 252 N.W.2d 664 (1977).

Nevertheless, because the convictions which were the grounds for revoking Kunkel's probation have been reversed, the county court's order revoking probation is also reversed.

MESCHKE, Acting C.J., LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.