**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joe D. STEVENS, Defendant–Appellant.**

**No. 92–3000.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided Feb. 24, 1993.

Eddie N. Christian, Fort Smith, AR, for appellant.

William M. Cromwell, Fort Smith, AR (J. Michael Fitzhugh and William M. Cromwell, Fort Smith, AR, on the brief), for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and BOGUE,[*] Senior District Judge.

BOGUE, Senior District Judge.

Joe D. Stevens (appellant) appeals from a judgment of the district court[1] revoking his probation and sentencing him to a term of imprisonment. Because the record of the district court's proceedings was not fully developed, we are unable to make a determination on the merits of that court's action. Therefore, we remand for additional proceedings consistent with this opinion.

Appellant and a cohort solicited investors for a business enterprise which eventually failed. Charges were brought against appellant in Oklahoma state court and the instant proceeding in the Arkansas federal district court alleging, *inter alia*, sale of unregistered securities. Appellant pled guilty to a charge in Oklahoma and was sentenced to probation—with restitution being his primary condition of probation. Similarly, he pled guilty to a single violation of securities law in the Arkansas federal court, and was ordered to pay restitution to the Arkansas investors to maintain his probationary status. Apparently he stayed current with his restitution obli-

---

[*] The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[1] The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

gations in Oklahoma, but fell behind in Arkansas. As a result, proceedings to revoke appellant's parole in Arkansas were initiated. A hearing was held,[2] at which appellant and his probation officer, Mr. Waters, testified. The testimony indicated that appellant had been unable to muster the funds to meet his obligations in both states, and that he had kept Waters informed of these difficulties. In response, Waters had admonished appellant to "do the best he could."

Notwithstanding the uncontroverted testimony of appellant's financial inability to meet his restitution obligation despite diligent efforts, the trial court revoked his probation and sentenced him to five years' imprisonment, with four and a half years suspended on condition that he comply with a revised (and more onerous) restitution schedule. The district judge noted that he could continue probation and revise the terms, but then declared that he was unimpressed with the reasons given for nonpayment. The record does not lend any clarity to the court's reasons for coming to this conclusion, as we now hold that *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) requires.

■■■ On appeal, we review a trial court's decision to revoke probation on an abuse of discretion standard. *United States v. Drinkall*, 749 F.2d 20 (8th Cir. 1984). However, the decision to revoke probation and imprison a person who is attempting to make his victims whole should not be taken lightly. On the record before us, we are unable to determine whether the trial court abused its discretion.

In *Bearden*, the Supreme Court ruled that the decision to revoke parole for failure to make restitution payments should be made only after it is clear to the trial court that other alternatives will not serve the government's interests. The Court said:

> In revocation proceedings for failure to pay ... restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make suffi-

cient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Bearden*, 461 U.S. at 672–73, 103 S.Ct. at 2072–73. The record in this case does not indicate why alternatives to imprisonment would be insufficient. We are mindful of the holding in *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985) that a sentencing court need not state explicitly why it rejected alternatives to incarceration when revoking probation. However, if such reasons are not explicitly stated by the sentencing judge, more of a record is needed than that which is present in this case to support the decision.

*Black* also reaffirmed *Bearden*'s holding that probation should not be revoked based on non-willful inability to pay restitution. *Black*, 471 U.S. at 615, 105 S.Ct. at 2259. Other appellate courts have also ruled that failure to pay restitution alone, without some indication that the failure was willful, is not sufficient grounds for revocation of parole. *See, e.g., United States v. Boswell*, 605 F.2d 171 (5th Cir.1979); *United States v. Stumpf*, 900 F.2d 842, 845–46 (5th Cir. 1990).

The judgment of the district court revoking probation and imposing a new sentence in this matter is vacated pending further action by that court. The case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

2. When appellant received notice of the hearing, he borrowed money to bring his restitution obli-

gations in Arkansas up to date. Thus, he was current at the time of the proceeding.