33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Isaac Jay COLEMAN, also known as Zachary I. Saunders, Appellant.
 No. 93-2955.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 9, 1994.
Filed: August 12, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Isaac Jay Coleman, also known as Zachary Saunders, appeals the district court's[1] order revoking his supervised release term. We affirm.
 
 
 2
 In February 1993, Coleman's probation officer informed the government that Coleman had violated the conditions of the supervised release imposed after his 1990 conviction for misusing Social Security numbers. See United States v. Saunders, 957 F.2d 1488, 1494 (8th Cir. 1992), cert. denied, 113 S. Ct. 256 (1992) and 113 S. Ct. 991 (1993). Upon Coleman's arrest, the government petitioned for revocation of his supervised release pursuant to Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. Sec. 3583(e). After a hearing, the district court revoked Coleman's supervised release, finding that he had travelled outside the district without permission, had associated with felons, had not reported on a monthly basis, had not informed his probation officer of his new address, and had committed the federal offense of bank fraud (18 U.S.C. Sec. 1344). The court sentenced Coleman to two years imprisonment. Coleman timely appealed. He argues that the revocation was in violation of his due process and confrontation rights, and that the court erred as a matter of law in holding that he committed bank fraud.
 
 
 3
 A person facing revocation of his or her supervised release is entitled to minimal due process rights. See Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation); United States v. Martin, 984 F.2d 308, 310 (9th Cir. 1993). Rule 32.1 codifies these limited due process rights, including the right to receive "written notice of the alleged violations" and "disclosure of the evidence against the person." Fed. R. Crim. P. 32.1(a)(2)(A), (B). Coleman contends that he did not receive adequate notice of the bank fraud violation because the government served him with notice the day before the hearing and disclosed documents five days before the hearing. We reject this argument. Nearly two months before the hearing the government filed its original petition, stating that Coleman had "violated the Standard Supervision Condition in that while on supervised release he has written numerous checks on closed accounts." This language, albeit general, was sufficient to put Coleman on notice that he would have to defend against crimes relating to passing bad checks. Moreover, prior to the hearing the government disclosed copies of records involving the bad checks and informed Coleman that it believed he had violated 18 U.S.C. Sec. 1344. Thus Coleman received adequate notice and disclosure, in compliance with his limited due process rights. See United States v. Kirtley, 5 F.3d 1110, 1113, 1114 n. 5 (7th Cir. 1993) (disclosure of additional documents can add "specificity" to written notice).
 
 
 4
 Coleman next contends that the district court violated his Sixth Amendment confrontation rights when it admitted hearsay testimony against him. Because the Federal Rules of Evidence generally do not apply in revocation proceedings, Fed. R. Evid. 1101(d)(3),(e), hearsay evidence is admissible if "good cause" is established. See United States v. Zentgraf, 20 F.3d 906, 909 (8th Cir. 1994). The government did not establish "good cause" here as it offered no evidence that producing the declarant would have been inordinately difficult or that the hearsay evidence was "demonstrably reliable." See id. at 910. Nonetheless, we conclude that the record contains overwhelming evidence of Coleman's numerous supervised release violations, and that the district court therefore correctly found by a preponderance of the evidence that Coleman violated his supervised release conditions. See id.
 
 
 5
 Coleman's final argument-that he did not commit bank fraud-also is without merit. Coleman contends that the only victims of his bad checks were retailers and a landlord, and thus his conduct does not constitute bank fraud. Title 18 U.S.C. Sec. 1344 proscribes schemes to defraud federally insured banks. See United States v. Solomonson, 908 F.2d 358, 364 (8th Cir. 1990). A scheme to defraud "requires that the defendant engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss." United States v. Stavroulakis, 952 F.2d 686, 694 (2d Cir.), cert. denied, 112 S. Ct. 1982 (1992). The district court did not abuse its discretion in revoking supervised release based on its finding that Coleman had engaged in bank fraud. United States v. Stevens, 986 F.2d 283, 284 (8th Cir. 1993) (standard of review). Coleman wrote 119 checks totalling $4,581, knowing that he had deposited only $59. The bank suffered an actual loss of $422, Coleman's activity exposed the bank to a much greater loss, and his entire scheme contemplated the presentment of the bogus checks to the bank for payment. His activity thus fits squarely within the conduct contemplated by the bank fraud statute. See Stavroulakis, 952 F.2d at 695.
 
 
 6
 Coleman's motions to supplement the record are granted and his motion to strike appellee's addendum is denied.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota