1998 ND 197

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jerric BALLENSKY, Defendant and Appellant.**

Criminal No. 980108

Supreme Court of North Dakota.

Nov. 19, 1998.

Larry W. Quast, State's Attorney, Stanton, for plaintiff and appellee.

Michael R. Hoffman, of Tuntland and Hoffman, Mandan, for defendant and appellant.

MARING, Justice.

[¶ 1] Jerric Ballensky appeals from the district court's order revoking his probation. Because the district court's finding that Ballensky violated a condition of his probation is clearly erroneous, we reverse.

**I**

[¶ 2] On September 12, 1996, the Mercer County State's Attorney filed a criminal complaint against Ballensky on the charge of manslaughter. The State alleged in the complaint that Ballensky recklessly caused the death of a passenger in his vehicle in an accident which occurred on October 4, 1995. On September 23, 1996, Ballensky appeared in Mercer County District Court to answer the complaint. He pled not guilty and was released on bond pending trial.

[¶ 3] On January 13, 1997, the Mercer County State's Attorney again filed a criminal complaint against Ballensky on the charge of disorderly conduct for conduct that occurred on January 6, 1997.

[¶ 4] On April 3, 1997, the State reduced Ballensky's manslaughter charge to negligent homicide, and recommended a suspended sentence of five years in prison with five

years of supervised probation. On May 13, 1997, Ballensky appeared in Mercer County District Court and pled guilty to the negligent homicide charge. At the sentencing hearing the same day, the district court deferred imposition of Ballensky's sentence for five years on the condition that he, among other things, successfully complete five years of supervised probation.

[¶ 5] In the district court's order deferring imposition of sentence, one of the conditions stated "the Defendant, during that period, will be on probation and shall not violate any criminal laws of any city, county, state or federal government[.]" In addition, the appendix to the court's order stated as one of the conditions of probation that Ballensky "not violate any Federal, State, County, or Municipal criminal law or ordinance during the period of probation." The district court was not informed at the sentencing hearing that there was a disorderly conduct charge pending against Ballensky, involving an incident on January 6, 1997.

[¶ 6] On September 24, 1997, nearly five months after being sentenced to probation, Ballensky again appeared in Mercer County District Court and pled guilty to the disorderly conduct charge. Five days later, the Mercer County State's Attorney petitioned for revocation of his probation. The State argued that by pleading guilty to the disorderly conduct charge on September 24, 1997, Ballensky violated the law during the period of his probation and therefore violated the terms of his probation. Ballensky resisted the petition, arguing probation cannot be revoked for an offense where the conduct occurred prior to probation being imposed.

[¶ 7] In its memorandum opinion of December 31, 1997, the district court concluded:

Until a judgement of guilty is entered, the defendant is innocent of the charge, regardless of when it occurred, even if it occurred before the probation was imposed. Also, it is appropriate for the prosecution to await disposition of a criminal charge before beginning a revocation proceeding. State v. Gefroh, 458 N.W.2d 479 (N.D.1990).

The district court subsequently revoked Ballensky's May 13, 1997, deferred imposition of sentence and probation, and imposed a sentence of 22 months to be served with the Department of Corrections. Ballensky's timely appeal to this court followed.

II

[¶ 8] A probation revocation is reviewed in two steps. First, we review a trial court's factual finding that a condition of probation was violated under a clearly erroneous standard. State v. Monson, 518 N.W.2d 171, 173 (N.D.1994). Second, we review a trial court's determination that the violation warrants revocation under an abuse of discretion standard. Id. A trial court's factual finding is clearly erroneous when it has been induced by an erroneous view of the law. Lawrence v. Delkamp, 1998 ND 178, ¶ 9, 584 N.W.2d 515. We reach only the first step in our review of this probation revocation because we are convinced the trial court based its factual finding on an erroneous view of the law.

[¶ 9] Ballensky argues revocation of probation should only be based on a probationer's conduct which occurs during the probationary period. In support of his argument, he points to N.D.C.C. § 12.1–32–07(2), which provides in part:

The conditions of probation must be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so. The court shall provide as an explicit condition of every probation that the defendant *not commit* another offense *during the period* for which the probation remains subject to revocation. (Emphasis added.)

Recognizing his condition of probation was phrased such that he "not violate" any law, Ballensky argues "not violate" should be construed to mean "not commit" further offenses during the period of probation. We agree.

[¶ 10] We have long held conditions of probation are to be strictly construed in favor of the offender. Monson, 518 N.W.2d at 173. In Monson, we stated:

[I]f conditions of probation are capable of two constructions, we will construe the conditions in favor of the defendant. . . .

"[T]here is great value in making all conditions of release clear and capable of being understood by the offender in order that he knows exactly what is expected of him."

*Id.* (quoting *State v. Drader*, 432 N.W.2d 553, 554 (N.D.1988)). Ballensky's condition of probation that he "not violate any Federal, State, County, or Municipal criminal law or ordinance during the period of probation" is clear. We determine a violation occurs when the conduct is committed. Therefore, because Ballensky's disorderly conduct occurred nearly six months before the imposition of his sentence, he did not "violate any . . . law or ordinance during the period of probation."

[¶ 11] Construing the terms of Ballensky's probation to include conduct committed prior to the sentence of probation would undermine one of the primary purposes of probation. We have recognized "the basic purpose of probation, namely [is] to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement. . . ." *State v. Schlosser*, 202 N.W.2d 136, 138 (N.D.1972) (citation omitted). As one commentator has stated, "a sentence to probation . . . is in large part concerned with *avoiding future crimes* by helping the defendant learn to live productively in the community which he has offended against." Cohen & Gobert, *The Law of Probation and Parole* § 1.03, at 9 (1st ed.1984) (emphasis added) (quoting ABA Project on Standards for Criminal Justice, Standards Relating to Probation (Approved Draft 1970)). The idea is that the probationer is put to the test. If the probationer complies with the conditions of probation, he avoids incarceration. In this instance, there was nothing Ballensky could have done after he was sentenced to probation on May 13, 1997, to change the course of events of January 6, 1997. We fail to see how revoking one's probation for conduct committed prior to being sentenced to probation serves its rehabilitative purpose.

[¶ 12] Other jurisdictions addressing this issue are in accord with our interpretation. The Maryland Supreme Court recently addressed the issue of whether parole may be revoked when non-compliance with parole conditions occurred prior to the defendant being paroled. *See Patuxent Inst. Bd. of Review v. Hancock*, 329 Md. 556, 620 A.2d 917, 923–24 (Md.1993), *cert. denied*, 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). In reaching its conclusion that non-compliance must occur after the parole has been granted, the *Hancock* court referenced a number of decisions addressing the issue in the context of probation revocation. The court first noted two of its own prior decisions and concluded:

> We held in both cases that probation revocation proceedings may be pursued and may be held after the probationary period has expired, so long as the act constituting a violation of probation occurred during the probationary period. *Revocation of probation, in other words, must be based on conduct occurring subsequent to the grant of probation, but prior to its expiration.*

*Hancock*, 620 A.2d at 927 (emphasis added) (citing *State v. Miller*, 289 Md. 443, 424 A.2d 1109, 1111 (Md.1981); *State v. Berry*, 287 Md. 491, 413 A.2d 557, 562 (Md.1980)).[1] The law in other jurisdictions is equally as clear on this issue. *See Bryce v. Commonwealth*, 13 Va.App. 589, 414 S.E.2d 417, 418 (Va.Ct. App.1992) (noting "[g]enerally, where the suspension is conditioned upon future good conduct, the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspended sentence"); *Bell v. State*, 656 S.W.2d 502, 504 (Tex.Ct.App.1982) (concluding "probation cannot be revoked upon the basis of an offense committed prior to appellant's being placed on probation");

---

1. Apparently this was such a foregone conclusion in Maryland that one court of appeals stated:

   The law is clear that in order to justify revoking a probation for failure of the probationer to comply with the conditions of the probation, the State must show at least (1) that the violation occurred, and (2) *that it occurred after the*  *probation was imposed, i.e., during a period when the probationer was lawfully subject to the condition.* There is hardly anything new or startling about that proposition. (Citations omitted.)

   *Cornish v. State*, 65 Md.App. 213, 500 A.2d 295, 295 (Md.Ct.App.1985) (emphasis added).

*Demchak v. State,* 351 So.2d 1053, 1054 (Fla. Dist.Ct.App.1977) (holding that "[i]mproper conduct occurring prior to entry of the probation order cannot be the basis for revocation even though the conviction resulting from such conduct occurs while the defendant is on probation"); *see also United States v. Drinkall,* 749 F.2d 20, 21 (8th Cir. 1984) (stating in dicta that in order to revoke probation for violating federal law, the district court must determine the defendant was engaged in unlawful conduct while on probation; thus, the probationer was correct in arguing "the court may not revoke her probation based solely on unlawful conduct of which it or the government was aware at the time of sentencing").

■ [¶ 13] We hold, therefore, a probationer does not violate his or her conditions of probation for conduct committed prior to the imposition of sentence to probation.[2]

[¶ 14] Notwithstanding case law to the contrary, the State argues the fact that Ballensky's disorderly conduct occurred prior to the imposition of sentence is of no consequence because a defendant is afforded the presumption of innocence. The State contends the district court did not err because "[t]his court has held that it is appropriate for the State to await disposition of federal charges against a probationer before initiating probation revocation proceedings." (Citing *State v. Gefroh,* 458 N.W.2d 479 (N.D. 1990)). The State further argues based on our decision in *Gefroh,* "it was reasonable for the State to not bring the revocation proceedings nor to even make the judge aware of the possible violation of his Bond and Appearance Bond, until after the Defendant had pled guilty to the subsequent violation." We disagree with the State's arguments and its reliance on *Gefroh.*

[¶ 15] In *Gefroh,* we addressed the issue of whether the State waived a probationer's violations by failing to bring probation revocation proceedings in a timely manner. 458 N.W.2d at 480. By the time probation revocation proceedings were brought in that case, the defendant's probation officer had known of the defendant's violations for well over a year. *Id.* The State argued the delay was proper because they were waiting for pleas on other pending charges against the defendant. *Id.* Gefroh, on the other hand, argued the delay in bringing revocation proceedings violated notions of fundamental fairness. This Court reasoned:

> Acceptance of Gefroh's arguments would either encourage probationers to delay trial on independent prosecutions for substantive crimes constituting probation violations or deprive probation officers of the opportunity to "wait to assess the cumulative effect of several violations before initiating a revocation proceeding" by forcing probation officers to make revocation proceedings "an automatic reaction to technical or minor violations simply to preserve the government's position[.]"

*Id.* at 481 (citations omitted). We concluded the trial court did not abuse its discretion in ruling it was appropriate for the State to await disposition of criminal charges before initiating probation revocation proceedings. *Id.*

[¶ 16] *Gefroh* is factually dissimilar to this case in one important respect. The conduct which the State alleges violated Ballensky's conditions of probation occurred prior to his sentence to probation, while the conduct at issue in *Gefroh* occurred during the probationary period. *Gefroh* stands only for the

---

**2.** Our holding today is consistent with our recent decision in *State v. Bender,* 1998 ND 72, 576 N.W.2d 210. In *Bender,* Bender was sentenced to five years imprisonment, with three years suspended. *Id.* at ¶ 2. He was to be placed on probation for those three years, subject to several conditions. *Id.* Bender's probation was revoked while still incarcerated because he failed to meet one of the trial court's pre-conditions of probation. *Id.* at ¶¶ 2, 5. We rejected the defendant's argument that the trial court could not revoke his probation while he was still incarcerated, before the probation actually commenced, because

N.D.C.C. § 12.1–32–07(6) "explicitly allows revocation *at any time* before the period of probation expires, and does not prohibit revocation of subsequent probation if the defendant violates the conditions of probation while still incarcerated." *Id.* at ¶ 15 (emphasis added). In other words, a trial court has the discretion to revoke probation if a probationer violates a pre-condition of probation after the imposition of sentence but before the probationary period begins. In this case, Ballensky's probationary period commenced when his sentence was imposed.

proposition that it is not improper for the State to await disposition of criminal charges for conduct occurring *during* the probationary period before initiating revocation proceedings. *Gefroh* does not support the State's argument.[3]

[¶ 17] We also disagree with the State's assertion it was proper to not inform the trial court of Ballensky's pending disorderly conduct charge. At oral argument, the State's Attorney asserted it would have been improper for him to advocate the pending charge at Ballensky's sentencing hearing. Rule 32(a)(1), N.D.R.Crim.P., provides in part "[t]he prosecution must be given an opportunity to be heard on any matter material to the imposition of sentence." We have previously indicated a pending charge is the type of material information a sentencing court may consider in sentencing a defendant. *See City of Dickinson v. Mueller*, 261 N.W.2d 787, 792 (N.D.1977) (citing *Williams v. New York*, 337 U.S. 241, 246–47, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)). Indeed, in *Mueller*, we cited approvingly a Second Circuit Court of Appeals decision stating, "The aim of the sentencing court is to acquire a thorough acquaintance with the character and history of the man before it. Its synopsis should include the unfavorable, as well as the favorable, data, and few things could be so relevant as other criminal activity of the defendant[.]" *Id.* at 793 (citing *United States v. Doyle*, 348 F.2d 715, 721 (2nd Cir. 1965)).

[¶ 18] We recognize *Mueller* did not go so far as to say the State is duty bound under N.D.R.Crim.P. 32(a)(1) to advocate pending charges at sentencing hearings. We conclude, however, the better practice in this case would have been to inform the trial court of Ballensky's pending charge at the sentencing hearing.

### III

[¶ 19] Revoking probation for conduct committed prior to the sentence to probation does not serve the rehabilitative purpose of probation and is contrary to law. The district court's finding that Ballensky violated a condition of his probation is, therefore, clearly erroneous. We reverse the order revoking probation and resentencing Ballensky.

[¶ 20] VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., concur.

[¶ 21] The Honorable HERBERT L. MESCHKE, a member of the Court when this case was heard, retired effective October 1, 1998, and did not participate in this decision.

[¶ 22] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

---

3. The State also argues our decision in *State v. Kunkel*, 455 N.W.2d 213 (N.D.1990) compels revocation of Ballensky's probation. *Kunkel*, if anything, belies the State's argument. *See Kunkel*, 455 N.W.2d at 215 (stating "there is an implied condition in every probation or suspended sentence that the defendant shall not *commit further violations* of the criminal law") (emphasis added).