# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3356

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Yulunda K. Sloan, | * | of Nebraska. |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted:  April 19, 2002

Filed:  June 12, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN and MORRIS SHEPPARD ARNOLD,
 Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge

Yulunda Sloan appeals her conviction in the district court[1] for conspiracy to distribute cocaine.  *See* 21 U.S.C. §§ 841(a)(1), 846.  We affirm.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

I.

Ms. Sloan contends that the evidence produced at trial was insufficient to support a conclusion, beyond a reasonable doubt, that she participated in a criminal conspiracy. We disagree.

On an appeal from a conviction, we must view the evidence in a light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Hernandez*, 986 F.2d 234, 236 (8th Cir. 1993). "We will reverse the conviction[] only if we can conclude from the evidence that a reasonable fact finder must have entertained a reasonable doubt about the government's proof concerning one of the essential elements of the crime." *United States v. McCarthy*, 97 F.3d 1562, 1568 (8th Cir. 1996), *cert. denied*, 519 U.S. 1139 *and* 520 U.S. 1133 (1997). In order to convict a defendant of conspiracy, "the government must show that the defendant entered an agreement with at least one other person with the objective to violate the law." *Hernandez*, 986 F.2d at 236. "Mere presence at the location of the crime alone, even when coupled with knowledge of that crime, is not sufficient to establish guilt on a conspiracy charge." *Id.* Instead, the defendant must have knowingly contributed her efforts to the conspiracy's objectives. *See United States v. Duckworth*, 945 F.2d 1052, 1053 (8th Cir. 1991); *United States v. Bonadonna*, 775 F.2d 949, 957 (8th Cir. 1985).

We turn to the evidence properly before the jury in this case. Ms. Sloan was arrested and charged following a very brief encounter with Kenneth Johnson at a bus terminal in Omaha, Nebraska. Mr. Johnson, who was on his way to deliver drugs to a co-conspirator, had been intercepted by narcotics detectives at a bus terminal in Las Vegas and had agreed to cooperate with the police by continuing to his intended destination under surveillance. According to all the testimony at trial, Ms. Sloan arrived at the Omaha bus terminal approximately five minutes after Mr. Johnson arrived, looked around, approached Mr. Johnson, and said "let's go," "come on," or words to that effect. Mr. Johnson then followed Ms. Sloan to a nearby vehicle and

Ms. Sloan got behind the wheel; Mr. Johnson took the passenger's seat. Narcotics agents immediately surrounded the car and arrested both occupants.

Mr. Johnson had been told by his superiors in the drug trade that "Dave" or his girlfriend would meet him at the bus depot and take him to a hotel, and that "Dave" would pay him the price that they had agreed on for making the delivery. Ms. Sloan picked up Mr. Johnson at the bus depot, and she told investigating officers that one David Walker had asked her to do so. There was documentary evidence seized from her purse that she and Mr. Walker had lived together at three separate addresses. There is no question, therefore, that they were well acquainted.

This evidence could certainly lead a reasonable mind to conclude beyond a reasonable doubt that Ms. Sloan was Mr. Walker's girlfriend and that he had sent her to the bus station to pick Mr. Johnson up. Without more, however, we think that the evidence would afford an insufficient basis to convict Ms. Sloan of conspiracy to distribute cocaine, because a reasonable mind would necessarily have to entertain a reasonable doubt as to whether Ms. Sloan was aware of Mr. Johnson's mission or that he was involved in a conspiracy. In other words, we think that no reasonable fact finder could conclude, beyond a reasonable doubt, from this evidence alone that Ms. Sloan knew that Mr. Johnson was a drug courier and that she intended to help him, or that she had otherwise entered an agreement to distribute illegal drugs.

There is, however, more evidence in the record that tends to support the verdict. The arresting officers found a small piece of paper in Ms. Sloan's purse with Mr. Johnson's name and address on it, and Mr. Johnson testified that the note was in his own handwriting, though he could not recall when or under what circumstances he had written it. There was no explanation of exactly how the note ended up in Ms. Sloan's purse, but a reasonable person could conclude with some considerable certainty that it was already there when she went to pick up Mr. Johnson. An agent testified that at the time of her arrest that Ms. Sloan had denied that she knew

Kenneth Johnson's name, only his description. The note in Ms. Sloan's purse suggests otherwise and that she lied to the police, which supports an inference that she was trying to hide her knowledge of Mr. Johnson's activities. An effort to deceive in order to distance oneself from wrongdoing implies a consciousness of guilt, a circumstance that can support a conviction. *See, e.g., United States v. Holman*, 197 F.3d 920, 921 (8th Cir. 1999) (*per curiam*).

In addition, the jury had before it copies of a court calendar seized from Ms. Sloan's purse indicating that, not even six months before she was arrested at the bus terminal, she and Mr. Walker had been charged with going armed with a loaded handgun in violation of Iowa Code Ann. § 724.4 and that she later pleaded guilty to a reduced but similar charge. *See* Iowa Code Ann. § 483A.36. Our cases have recognized that guns and drug dealing are commonly associated, *see, e.g., United States v. Brown*, 913 F.2d 570, 572 (8th Cir.1990), *cert. denied*, 498 U.S. 1016 (1990), and a reasonable person cannot be required to close his or her eyes to the inferences that an association with handguns can give rise to.

We have previously held that only "slight" evidence connecting the defendant to a conspiracy is needed to sustain a conviction. *See McCarthy*, 97 F.3d at 1568; *United States v. Jenkins*, 78 F.3d 1283, 1287 (8th Cir. 1996). It is a generally recognized principle, moreover, that before a conviction can be upheld it " 'is not necessary that the evidence exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty.' " *United States v. Gipp*, 147 F.3d 680, 688 (8th Cir. 1998) (quoting *United States v. Shahane*, 517 F.2d 1173, 1177 (8th Cir. 1975)). In this case, a jury could conclude beyond a reasonable doubt, based on the note, that Ms. Sloan knew Mr. Johnson's name before she went to the bus station to pick him up, and that her denying that she did showed that she knew enough about his drug trafficking to want to hide her familiarity with him. In this case, we believe that such evidence, when combined with the other evidence in the trial, namely, that Ms. Sloan

was "Dave's" girlfriend and that she was previously convicted for the illegal possession of a weapon while Mr. Walker was present, supports a conclusion beyond a reasonable doubt that Ms. Sloan knowingly participated in the drug conspiracy. In other words, we believe that a reasonable person who heard the record evidence would not necessarily have had to entertain a reasonable doubt about Ms. Sloan's guilt.

## II.

Ms. Sloan also argues that the note in Mr. Johnson's handwriting should have been suppressed as the product of an illegal search and seizure. We note, however, that the officers needed only probable cause to believe that Ms. Sloan was involved in a drug offense to give them a legal basis for arresting her. *See, e.g.,United States v. Wajda,* 810 F.2d 754, 758 (8th Cir. 1987), *cert. denied*, 481 U.S. 1040 (1987). In this case, the circumstances leading to Ms. Sloan's arrest, namely, her role in picking up a man whom the police knew was a drug courier, gave the officers probable cause to believe that she had committed a crime, and the officers discovered the note during a search that was incident to a valid arrest. Therefore the evidence derived from her arrest was properly admitted by the trial court. *See United States v. Oakley*, 153 F.3d 696, 698 (8th Cir. 1998).

## III.

For the reasons indicated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-