# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2435

_____

United States of America,

      Appellee,

v.

Angelo D. Dawson,

      Appellant.

_____

No. 04-2509

_____

United States of America,

      Appellee,

v.

Ali M. Akbar,

      Appellant.

*
*
*
*
*
*
*
*
*
*
*

Appeals from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

*
*
*
*
*
*
*
*
*
*
*

_____

Submitted:  December 21, 2005
Filed: January 9, 2006

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Angelo D. Dawson and Ali M. Akbar guilty of conspiring to distribute crack, in violation of 21 U.S.C. § 846; and, aiding and abetting each other, possessing crack with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The jury also found Mr. Akbar guilty of possessing crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Mr. Dawson to 151 months in prison and 5 years of supervised release and sentenced Mr. Akbar to 188 months in prison and 5 years of supervised release. Each appellant now challenges his convictions and sentence. For the reasons discussed below, we affirm the convictions but vacate the sentences and remand for resentencing.

First, we reject Mr. Dawson's argument that the evidence, viewed in the light most favorable to the verdict, is insufficient to support his convictions. See United States v. Sloan, 293 F.3d 1066, 1067 (8th Cir. 2002) (standard of review). The jury was entitled to infer from the evidence presented that he was part of a conspiracy to distribute crack: when police stopped the car in which Mr. Dawson was a passenger, he attempted to flee; two loaded firearms and a distribution quantity of crack were found concealed in the car; and Mr. Dawson ultimately admitted ownership of one of the firearms after initially denying any knowledge of the contraband. See id. at 1068-69 (only slight evidence is required to connect defendant with conspiracy; discussing when evidence is sufficient). From this evidence, the jury was likewise entitled to infer that Mr. Dawson aided and abetted the possession of crack with intent to distribute. See United States v. Mendoza, 421 F.3d 663, 668-69 (8th Cir. 2005) (elements of aiding and abetting possession of crack with intent to distribute).

Second, we reject Mr. Akbar's argument that he was denied a fair trial because he had to wear jail clothes during jury selection. The reason Mr. Akbar did not have street clothes at the beginning of trial was his sister's failure to bring them as directed by Mr. Akbar's lawyer. During jury selection, Mr. Akbar wore a suit jacket over his jail clothes and was seated at the counsel table. After jury selection, his street clothes arrived, and he wore them throughout the rest of the trial. Under these circumstances, we conclude that Mr. Akbar's wearing of jail clothes during jury selection was

harmless.  See United States v. Hurtado, 47 F.3d 577, 581 (2d Cir.) (even if defendant is made to wear prison clothes at trial, this constitutional error is subject to harmless-error analysis), cert. denied, 516 U.S. 903 (1995); cf. United States v. Grady, 997 F.2d 421, 424 (8th Cir.) (on facts very similar to Mr. Akbar's, concluding under plain-error standard of review that defendant was not denied fair trial), cert. denied, 510 U.S. 958 (1993).

We conclude, however, that the district court committed plain error under United States v. Booker, 125 S. Ct. 738 (2005), when sentencing Mr. Akbar and Mr. Dawson.  We further conclude that both appellants have met their burdens to show a reasonable probability that they would have received more favorable sentences but for the error.  See United States v. Brown, 414 F.3d 976, 978 (8th Cir. 2005); United States v. Fleck, 413 F.3d 883, 897 (8th Cir. 2005).

Accordingly, we affirm appellants' convictions in all respects, but we vacate their sentences and remand their cases to the district court for resentencing in light of Booker.  We deny Mr. Akbar's pending pro se motion as moot.

_____