STATE of North Dakota, Plaintiff
and Appellee,

v.

Terrance DRADER, Defendant
and Appellant.

Cr. No. 1074.

Supreme Court of North Dakota.

Oct. 1, 1985.

Michael S. McIntee, McHenry County State's Atty., Towner, for plaintiff and appellee.

A. Swain Benson, Bottineau, for defendant and appellant.

Terrance Drader, pro se.

VANDE WALLE, Justice.

Terrance Drader appeals from his conviction of gross sexual imposition involving a child under the age of fifteen. Drader argues (1) that during final arguments the prosecutor improperly commented on Drader's right to remain silent; (2) that the prosecutor committed misconduct in regard to the redirect examination of one witness and a conversation with a potential defense witness; and (3) that there is insufficient evidence to support the verdict. We affirm.

Drader's argument that the prosecutor improperly commented during final argument is unfounded. The transcript reveals no reference by the prosecutor to Drader's refusal to testify on his own be-

half. As in *State v. Skjonsby*, 319 N.W.2d 764 (N.D.1982), it would take a strained interpretation of the prosecutor's argument to find that his statements were improper comments on Drader's Fifth Amendment right to remain silent. Nor does the record demonstrate that Drader objected to the State's closing argument.

 Drader argues that the testimony of a State witness that she knew defense counsel because of his previous work in sexual abuse cases was irrelevant and therefore prejudicial. The fact that such testimony is irrelevant does not necessarily mean that its admission was prejudicial. Drader's only argument as to prejudice to himself is that the testimony was irrelevant. But it is axiomatic that where the error is not fundamental, Drader must demonstrate that admission of the evidence was improper *and* prejudicial. See, e.g., *State v. O'Conner*, 58 N.D. 554, 226 N.W. 601 (1929). See also Rule 52(a), N.D.R. Crim.P.

Drader also alleges that the prosecutor improperly tampered with a potential defense witness. According to an affidavit filed in this court by the potential witness, the prosecutor contacted her prior to testifying and told her (1) that her organization's testing of the child without permission of the county social services was improper; (2) that she was going to lose her job for failure to report the possible child abuse; and (3) that she would not be allowed by the court to testify. It is unnecessary for this court to determine whether the potential witness's allegations are true because this issue was not raised below. See, e.g., *Stokes v. Dailey*, 97 N.W.2d 676 (N.D.1959). Even if we were to take the allegations as being true, there could be no change in the outcome in that the potential witness did not testify and her failure to testify did not result from the alleged discussion between the witness and the prosecutor. Defense counsel, following a ruling concerning prior bad acts, decided not to call the witness. The record fails to demonstrate any nexus between the witness's failure to testify and the prosecutor's comments to the witness.

Drader's final argument is that there is insufficient evidence to support the verdict. In determining whether sufficient evidence exists, "we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982). Although it is possible to find some contradictions in the child's testimony, the evidence supports the verdict. Nor are we able to accept Drader's contention that it was impossible for penetration to occur because there was no erection. The statute does not require an erection; it only requires sexual contact between the penis and the vulva by penetration, however slight. See § 12.1–20–02(3), N.D.C.C. See also *State v. Kirk*, 211 N.W.2d 757 (N.D.1973).

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, GIERKE and MESCHKE, JJ., concur.