**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Terrance DRADER, Defendant and Appellant.**

**Cr. No. 880085.**

Supreme Court of North Dakota.

Dec. 6, 1988.

See also, 374 N.W.2d 601.

Lyle Witham, State's Attorney, Towner, for plaintiff and appellee.

Swain Benson, Benson Law Office, Bottineau, for defendant and appellant.

VANDE WALLE, Justice.

This is an appeal from an order revoking probation and imposition of a suspended sentence and sentencing Terrance Drader to the Penitentiary. Because we conclude that the trial court erred in revoking probation, the order is reversed.

On January 7, 1985, Terrance Drader was sentenced to 15 years' hard labor at the North Dakota State Penitentiary.[1] The trial court ordered that upon service of five years, the remaining ten years of the sentence was to be suspended upon certain conditions. The sentence provisions relevant to this appeal are:

> "IT IS THE JUDGMENT AND SENTENCE of this Court that you, Terrance Drader, be imprisoned in the State Penitentiary, ... for a term of 15 years at hard labor, ...; upon serving 5 years of the penitentiary sentence, the balance of 10 years of the 15 year sentence is to stand suspended upon conditions hereafter stated:

> "1. That earlier parole is not to be considered until the defendant has successfully completed the sex offender program at the State Penitentiary;

> . . . . .

> "3. That during parole or probation, the defendant shall faithfully and conscientiously undergo counselling as directed by his parole agent, and in this connection, during probation or parole the defendant shall undergo such psychiatric testing and evaluation, other than at the State Hospital unless such is ordered by specific Court Order, as shall be ordered by the Parole Agent;

> . . . . .

> "10. That violation of any of the above and foregoing rules governing the defendant's conduct during probation may result in revocation of probation and recommitment to the State

---

**1.** His judgment of conviction was upheld on appeal. See *State v. Drader,* 374 N.W.2d 601 (N.D.1985).

Penitentiary to serve the suspended sentence; ..."

Drader served his five-year sentence [2] at the Penitentiary and was released on probation on February 19, 1988. The day before Drader was released the State requested the trial court to clarify its sentence and revoke Drader's probation. A hearing was held on March 16, 1988, and the trial court found that Drader violated his suspended-sentence conditions; it therefore revoked the suspension and ordered Drader confined to the Penitentiary for the remainder of the 15–year sentence.

■ On appeal Drader argues that the first condition of release relates only to the five years imposed and is only a condition of parole and not probation; that is, the sentence mandated that he would have to serve the full five years if he did not complete the sex-offender program, but if he did complete the program he could get out early on parole. Therefore, he asserts, he has fulfilled the first condition by serving the full five years imposed and should be released on probation subject to the remaining conditions. He also argues that if this court determines that the language of the sentence is ambiguous it should be construed in favor of the defendant.

The State contends that completion of the sex-offender program was a condition of probation and, because Drader did not complete the program, the suspended sentence was correctly revoked.

When revocation of probation is challenged, the prosecution bears the burden of proving a violation by a preponderance of the evidence. Rule 32(f), N.D.R.Crim.P. Our standard of review of a probation revocation encompasses a two-step analysis in which we first review the trial court's factual determination that the defendant violated the terms of his probation and then we review the trial court's discretionary determination that the violation warrants revocation. *State v. Saavedra*, 406 N.W. 2d 667 (N.D.1987). Here, however, we must first decide if the trial court [3] was correct in interpreting the original sentence to require Drader to complete the sex-offender program at the State Penitentiary as a condition of probation.

The State relies on *Davidson v. Nygaard*, 78 N.D. 141, 48 N.W.2d 578 (1951), and other cases which stand for the proposition that a sentence is to be construed according to the usual canons of construction in order to give effect to the intent of the· sentencing court. However, none of the cases cited by the State involve conditions in the sentence that the offender must understand in order to comply therewith; rather, they concerned matters which were not dependent upon the possible interpretation of the language of the sentence by the offender. See, e.g., *Davidson, supra* [issue was whether offender was imprisoned for being a habitual criminal or for rape].

■ It is a well-settled rule of statutory construction that penal statutes should be strictly construed in favor of the accused. *State v. Hogie*, 424 N.W.2d 630 (N.D.1988). Likewise, we believe conditions of probation are to be strictly construed in favor of the offender, for "[t]he benefit of the doubt as to a sentence which is not certain, definite, and free from ambiguity should be given to accused, and serious uncertainty in the sentence must be resolved in favor of liberty." 24 C.J.S. *Criminal Law* § 1585. [Footnotes omitted.] See also 21 Am.Jur.2d *Criminal Law* § 536. Therefore, if conditions of probation are capable of two constructions, we will construe the conditions in favor of the offender.[4]

2. Drader actually served from only January 7, 1985, to February 19, 1988. His sentence was reduced in accordance with Chapter 12–54.1, N.D.C.C.

3. It should be noted that the judge who initially heard this case is not the same judge who heard the revocation proceedings.

4. There is great value in making all conditions of release clear and capable of being understood by the offender in order that he knows exactly what is expected of him. Moreover, the need for having a sentence that is capable of being understood by the offender personally is crucial because the offender cannot rely upon the advice of his attorney as a defense for having violated probation. See *State v. Thorstad*, 261 N.W.2d 899 (N.D.1978).

The courts have cast interpretation of conditions of probation in terms of giving fair notice to the offender. For example, in *United States v. Simmons*, 812 F.2d 561 (9th Cir.1987), the trial court suspended Simmons's sentence on condition that he voluntarily commit himself to an institution for psychiatric care and treatment. Simmons was admitted to the VA Hospital in Sheridan, Wyoming, but would not cooperate with hospital personnel and threatened to transfer to another hospital. The Government moved to have Simmons's probation revoked because of his refusal to cooperate.

In analyzing whether Simmons violated his condition of probation, the Ninth Circuit Court of Appeals stated:

"... when, as here, the proscribed acts are not criminal, due process requires that the probationer receive actual notice. '[T]he record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warning.' Therefore, unless Simmons received prior fair warning that his acts could lead to revocation, the district court's revocation violated due process and was an abuse of discretion." [Citations omitted; punctuation as in original.] 812 F.2d at 565.

In concluding that Simmons was not adequately apprised of his obligation to participate in the treatment program at the VA Hospital, the court stated, "Simmons believed he had the right and option to leave the VA Hospital and commit himself to a private psychiatric institution." 812 F.2d at 565–566. It therefore concluded that because his belief was not unreasonable under the circumstances, his probation should be reinstated.

Although *Simmons* involved a due-process challenge to a condition of probation, the underlying question answered is the same: Was the offender given fair notice of the proscribed conduct?

We reject an interpretation of a sentence which would allow a person to be incarcerated for five years only to have the suspended portion of that person's sentence revoked upon his release because of confusing language in the sentence. In reading the sentence, it is apparent that the first condition may be interpreted to relate only to whether Drader could have been released by the Parole Board prior to his serving the five years imposed by the trial court.[5] That condition states only that "earlier *parole* is not to be considered" until completion of the sex-offender program. [Emphasis added.] But the third condition states that "*during parole or probation*" Drader may be required to undergo counseling. [Emphasis added.] Thus, construing the conditions in favor of Drader, we interpret the order to say that if Drader does complete the sex-offender program at the Penitentiary, he may be released on parole prior to serving the five years imposed. But, pursuant to the third condition, Drader may still be required to undergo counseling after being released. In the event Drader did not complete the sex-offender program, he could not be released prior to serving the five years imposed. Once out of prison, however, he may be required to undergo counseling in accordance with the third condition.

Although Drader did not complete the sex-offender program at the Penitentiary, he did serve the five-year sentence imposed and should therefore be released. He of course remains subject to the other conditions of probation including the third condition, which provides that he may be required to undergo counseling.

The order revoking probation and resentencing Drader to the Penitentiary is reversed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.

---

**5.** We need not address whether the court had authority to direct such an order to the Parole Board or whether it was only a recommendation to the Parole Board.