2002 ND 143

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robert Lucas BERGER, Defendant and Appellant.**

**No. 20010303.**

Supreme Court of North Dakota.

Aug. 29, 2002.

Chad R. McCabe of Vinje Law Firm, Bismarck, for defendant and appellant.

Brian D. Grosinger, Assistant State's Attorney, Mandan, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Robert Lucas Berger appeals from a trial court's judgment revoking his probation. We reverse and remand.

[¶ 2] On July 10, 2000, Robert Lucas Berger pled guilty to menacing and false report to a law enforcement officer, both class A misdemeanors. Under the plea agreement accepted by the trial court, Berger was sentenced to one year of county detention on both counts to run concurrently, with nine months suspended for one year. Of the ninety days to serve, Berger was to receive credit for thirty

days spent in inpatient treatment and the remaining sixty days would be completed by electronic monitoring. Berger was placed on supervised probation with Centre, Inc., probation services for one year. Conditions of probation included not using or possessing alcoholic beverages, not leaving the State of North Dakota without permission, not entering a liquor establishment without permission, and successfully completing chemical dependency treatment.

[¶ 3] On August 20, 2001, the State petitioned for revocation of Berger's probation. The State alleged: (1) Berger admitted using alcohol on October 14 and 21, 2000, and July 15, 2001; (2) on June 27, 2001, Berger left North Dakota without permission; (3) on July 31, 2001, Berger entered a liquor establishment and tested .068 for alcohol; and (4) Berger failed to complete chemical dependency treatment because he was terminated from the program for failing to comply with attendance requirements.

[¶ 4] On September 27, 2001, the trial court held a revocation hearing. Berger argued his one year of probation began on July 10, 2000, and ended July 10, 2001, before at least two of his alleged violations occurred. The trial court took the matter under advisement and requested briefs from the parties on the issue. The trial court issued a memorandum opinion concluding "the legislative intent would be that the defendant's period of probation would commence upon the completion of this 60 days of electronic monitoring." The trial court found the probation did not terminate on July 10, 2001. The trial court ordered Berger's probation revoked and sentenced him to nine months in the Morton County Correctional Center. Berger appeals.

[¶ 5] Berger's appeal presents the issue of when a period of probation commences. Berger argues the trial court's July 10, 2000, order was ambiguous as to when his probation was to begin. He claims he believed his probation began on July 10, 2000, the date his sentence was issued. Because of the ambiguity in the trial court's order concerning when probation began, he argues this Court should construe the commencement of probation in his favor.

[¶ 6] The State argues there is no ambiguity in the probation sentence. The State claims it is a common understanding that there is a period of incarceration, then a period of probation, and the two do not overlap.

[¶ 7] We have held conditions of probation are to be strictly construed in favor of the offender. *State v. Ballensky*, 1998 ND 197, ¶ 10, 586 N.W.2d 163. The accused should be given the benefit of the doubt as to a sentence which is not certain, definite, or free from ambiguity, and serious uncertainty in the sentence should be resolved in favor of liberty. *State v. Drader*, 432 N.W.2d 553, 554 (N.D.1988) (citing 24 C.J.S. Criminal Law § 1585). If a condition of probation is capable of two reasonable constructions, we will construe the condition in favor of the offender. *Morstad v. State*, 518 N.W.2d 191, 193 (N.D. 1994).

[¶ 8] The trial court relied on N.D.C.C. § 12.1–32–06.1, to conclude the legislative intent is that the period of probation would commence at the completion of the electronic monitoring. Section 12.1–32–06.1(1), N.D.C.C., provides:

1. Except as provided in this section, the length of the period of probation imposed in conjunction with a sentence to probation or a suspended execution or deferred imposition of sentence may not extend for more than five years for a felony and two years

for a misdemeanor or infraction from the later of the date of:

a. The order imposing probation;

b. The defendant's release from incarceration; or

c. Termination of the defendant's parole.

[¶ 9] Section 12.1–32–06.1(1), N.D.C.C., does not address the issue of when a period of probation commences. The statute deals with the maximum length of probation, and refers to three possible times a probation may begin. Section 12.1–32–06.1(1), N.D.C.C., does not require periods of incarceration and probation to run consecutively, nor does it limit a trial court's discretion to sentence a defendant to periods of incarceration and probation that run concurrently.

[¶ 10] When a question arises concerning the commencement of probation, the controlling consideration is the intention of the trial court imposing the sentence; that intent is to be found in the language employed to create the probationary status. *Sanford v. King,* 136 F.2d 106, 108 (5th Cir.1943); *see also United States v. Levitt,* 799 F.2d 505, 507 (9th Cir.1986). If Berger was not clearly informed when his probation was to begin and end, then he did not receive adequate notice of the behavior that could lead to revocation. *See Drader,* 432 N.W.2d at 555; *see also Davis v. State,* 2001 ND 85, ¶ 12, 625 N.W.2d 855 (noting due process requires that the probationer receive actual notice of conduct that could lead to revocation).

[¶ 11] The orders placing Berger on probation do not indicate when the period of probation was to commence, and we are unable to determine the trial court's intent from the transcript of Berger's sentencing. Conditions of probation are to be strictly construed in favor of the accused; if a condition of probation is capable of more than one construction, it is to be construed in favor of the offender. *Drader,* 432 N.W.2d at 554.

[¶ 12] Because Berger's sentencing order was silent as to the date probation commenced, and the transcript of the sentencing proceeding discloses no clear intent, we conclude his probation began on July 10, 2000, the date of sentencing, and expired on July 10, 2001. It was therefore error for the trial court to consider violations that occurred after the July 10, 2001, conclusion of Berger's probationary period in determining its disposition of Berger. We reverse the trial court's judgment and remand this case to the trial court to determine an appropriate disposition considering only those violations of probation which occurred prior to July 10, 2001.

[¶ 13] MARING, J., concurs.

KAPSNER, J., concurs in result.

VANDEWALLE, Chief Justice, concurring in the result.

[¶ 14] I concur in the result reached in the majority opinion. Although Berger was sentenced to one year in "County Detention" the trial court ordered that nine months be suspended for one year, that 30 days credit be given for treatment, and that 60 days be served on electronic monitoring. The sentence further provided that defendant was placed on supervised probation for one year.

[¶ 15] The North Dakota statutes do not define "probation." Under N.D.C.C. § 1–02–02, words used in statute and not otherwise defined therein, are to be understood in their ordinary sense unless a contrary intention plainly appears. The term "probation" is defined by Black's Law Dictionary, Seventh edition to mean: "A court-imposed criminal sentence that, subject to stated conditions, releases a con-

victed person into the community instead of sending the criminal to jail or prison." Electronic monitoring is authorized by N.D.C.C. § 12.1–32–07(3)(f) as a condition of probation. It may have been considered "County Detention" by the trial court for purposes of the sentence, but Berger was not in jail or prison and was released into the community, albeit with restraints. Under these circumstances, I agree with the majority that we should apply the rationale in *State v. Drader*, 432 N.W.2d 553 (N.D.1988) and subsequent cases. That rationale gives the defendant the benefit of the doubt as to a sentence which is not certain or free from ambiguity and we resolve the sentence in favor of liberty, in this instance by concluding Berger's probationary period began July 10, 2000.

[¶ 16] This definition of probation, applied for the purpose of this case, does not affect our decision in cases such as *Davis v. State*, 2001 ND 85, 625 N.W.2d 855, holding that a defendant's failure to successfully complete a sex offender program while in prison amounted to a willful violation of a condition of probation. Section 12.1–32–02(1), N.D.C.C., specifies that a person convicted of an offense "must be sentenced to one or a combination of the following alternatives." Those alternatives include, among others, imprisonment and probation. Nothing requires the alternatives cannot be imposed simultaneously. However, unless, as in *Davis*, the trial court provides to the contrary in the sentence, the period of probation would not begin to run until after the term of imprisonment under the common definition of the term "probation."

[¶ 17] SANDSTROM, J., concurs.