2008 ND 227

STATE of North Dakota, Plaintiff and Appellee

v.

Todd Allen ROTH, Defendant and Appellant.

No. 20080060.

Supreme Court of North Dakota.

Dec. 16, 2008.

Cynthia M. Feland, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Thomas J. Glass, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Todd Allen Roth appeals from a district court order revoking probation. We affirm, holding the district court did not err when it concluded Roth was subject to probation at the time of his violation of his probationary conditions. We further affirm, holding the district court did not abuse its discretion when it ordered revocation of Roth's probation.

I

[¶ 2] Todd Roth pled guilty to five counts: (1) possession of marijuana with intent to deliver; (2) possession of methamphetamine; (3) possession of drug paraphernalia; (4) possession of drug paraphernalia; and (5) driving under suspension. The district court sentenced him to ten years on count one, five years

on counts two and three, one year on count four, and one year on count five. The court suspended seven years on count one and two years on counts two and three "for a period of five (5) years on Counts I, II, and III following his release from the North Dakota Department of Corrections, or termination of parole, whichever is later, subject to the following conditions...." The court ordered the sentences to run concurrently with each other and with the sentences imposed in unrelated charges. At the hearing, the court also stated, "And upon release, you'll be on probation for five years" and "[y]ou'll report to your probation officer upon release in the manner that he or she directs." The district court entered a criminal judgment on February 7, 2003, and an amended criminal judgment on February 24, 2003. The conditions of probation were attached as part of the judgment. Roth did not sign the conditions of probation.

[¶3] Roth's incarceration for these crimes ended on February 7, 2006. However, he remained incarcerated on other unrelated convictions. Roth was released from the Department of Corrections on parole on these unrelated convictions on May 9, 2007. In July 2007, Roth was charged with driving with a revoked license, driving under the influence, and fleeing an officer. Roth's parole was revoked, and he was returned to the Department of Corrections. Roth was released from the Department of Corrections in December 2007. On December 13, 2007, Roth signed an acknowledgment and agreement to the conditions of probation.

[¶4] Roth's probation officer petitioned the court to revoke Roth's probation on November 7, 2007. The court held a hearing on the petition for revocation of Roth's probation on February 1, 2008. Roth admitted he violated the conditions of his

probation by consuming or possessing alcohol, driving with a revoked license, driving under the influence, and fleeing an officer. The district court entered a second amended criminal judgment, sentencing Roth to serve seven years on count one and five years on counts two and three. The court ordered the sentences be served concurrently and ordered Roth receive credit for the three years he had previously spent in custody.

[¶5] Roth appeals, arguing he was not on probation when the State petitioned for revocation of probation.

II

[¶6] We review the revocation of probation under a two-step analysis. *State v. Jacobsen*, 2008 ND 52, ¶8, 746 N.W.2d 405. In *Jacobsen*, we explained:

First, we review the district court's factual finding of a probation violation under the clearly erroneous standard. A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made. Second, we determine whether the district court abused its discretion when it decided that revocation of probation was warranted. A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.

*Id.* (citations omitted).

III

[¶7] Roth argues he was not on probation when the State petitioned to revoke

his probation on November 7, 2007, because he was not yet released from parole. Roth contends his probation began in December 2007, when he signed the acknowledgment and agreement to the conditions of probation. Roth asserts he cannot be on parole and probation at the same time.

[¶ 8] Section 12.1–32–02(3), N.D.C.C., provides that "[a] court may suspend the execution of all or a part of the sentence imposed. The court shall place the defendant on probation during the term of suspension." In this case, the district court suspended a portion of Roth's sentence and placed him on probation for five years. Roth's three-year sentence began on February 7, 2003. Thus, Roth should have been released on February 7, 2006, and Roth's five-year probationary period would have commenced then. Although Roth remained incarcerated beyond February 7, 2006, on unrelated charges, his probation for the present case began on that date. Roth's probation on these charges could be revoked even though he was imprisoned or paroled on other charges. *See State v. Bender*, 1998 ND 72, ¶ 15, 576 N.W.2d 210 ("The statute explicitly allows revocation at any time before the period of probation expires, and does not prohibit revocation of subsequent probation if the defendant violates the conditions of probation while still incarcerated."); *State v. Ballensky*, 1998 ND 197, ¶ 13 n. 2, 586 N.W.2d 163 ("In other words, a trial court has the discretion to revoke probation if a probationer violates a pre-condition of probation after the imposition of sentence but before the probationary period begins.").

[¶ 9] Roth maintains he was not yet on probation when the State petitioned to revoke his probation because the February 24, 2003, amended judgment provides he was to be "placed within the custody and control of the North Dakota Division of Parole/Probation, for a period of five (5) years [ ], following his release from the North Dakota Department of Corrections, or termination of parole, *whichever is later*." (Emphasis added.) "When a question arises concerning the commencement of probation, the controlling consideration is the intention of the trial court imposing the sentence." *State v. Berger*, 2002 ND 143, ¶ 10, 651 N.W.2d 639.

[¶ 10] When deciding the district court's intent, we look to the "language employed to create the probationary status." *Id.* In this case, the district court ordered:

> That execution of seven (7) years on Count I, two (2) years on Counts II and III of the sentence portion of this Judgment is suspended and Defendant is placed within the custody and control of the North Dakota Division of Parole/Probation, for a period of five (5) years on Counts I, II, and III following his release from the North Dakota Department of Corrections, or termination of parole, whichever is later, subject to the following [probation] conditions.

The district court sentenced Roth to five years' probation after he served three years' imprisonment on the original charges. The court did not order that probation start after the conclusion of incarceration or parole on any other unrelated charges. This criminal judgment must be interpreted independently from any other judgments faced by Roth. Therefore, we conclude the district court intended to impose the probationary period upon the conclusion of the incarceration or parole on the original charges.

[¶ 11] Roth also asserts that the failure of the probation officer to have him sign the conditions of probation until December 13, 2007, shows he was not on probation until after his parole was terminated. However, he cites no authority for

the proposition that a defendant must sign an agreement to the probation conditions. Certainly, a defendant must have notice of the conditions of probation, and "'[t]he record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warning.'" *State v. Drader*, 432 N.W.2d 553, 555 (N.D.1988) (quoting *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987)). While a probationer must receive actual notice of conduct that could lead to revocation, there is not a statute that provides that a probationer must sign an agreement to the probation conditions. It is clear that the district court informed Roth that it was suspending seven years of his sentence and Roth would be placed on probation for five years following his three-year sentence. The district court also read the conditions of probation to Roth at the sentencing hearing and warned Roth about violating the terms of his probation. At Roth's sentencing hearing, the court stated, "You need to know I don't give a lot of second chances. I mean, if you come back on a revocation once you're released … I'm just not likely to give you much of a second chance." The court also ordered Roth to report to his probation officer upon release. Although the court did not require Roth to sign the conditions of probation, we conclude the district court provided Roth with notice of the conditions he would be required to follow at the end of his incarceration, and the current law does not require that he sign in acknowledgment of those conditions.

[¶ 12] Even if there was a period when Roth was released, but was not yet on probation, as long as he had notice of the conditions of probation, public policy dictates the district court was correct in revoking his probation. As the United States Supreme Court explained in *Burns v. United States:*

[Probation] was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain.

*Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932) (citations omitted).

[¶ 13] Furthermore, "'the basic purpose of probation, namely [is] to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement.'" *State v. Ballensky*, 1998 ND 197, ¶ 11, 586 N.W.2d 163 (quoting *State v. Schlosser*, 202 N.W.2d 136, 138 (N.D.1972)). "As one commentator has stated, 'a sentence to probation … is in large part concerned with avoiding future crimes by helping the defendant learn to live productively in the community which he has offended against.'" *Id.* (quoting Cohen & Gobert, *The Law of Probation and Parole* § 1.03, at 9 (1st ed.1984) (emphasis omitted)). Roth violated the conditions of his probation and has no right to demand probation. It was not an abuse of discretion for the district court to revoke his probation.

## IV

[¶ 14] We hold the district court did not err in concluding Roth was subject to probation when he violated the conditions of probation, and the court did not abuse its discretion when it ordered revocation of Roth's probation. We affirm.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.