Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 223

Todd A. Dailey, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20110014

Appeal from the District Court of Kidder County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jay Ryan Greenwood, 135 Sims, Suite 221, Dickinson, N.D. 58601, for petitioner and appellant.

Eric Bruce Hetland, State’s Attorney, P.O. Box 114, Steele, N.D. 58482, for respondent and appellee.

Dailey v. State

No. 20110014

Crothers, Justice.

[¶1] Todd Dailey appeals from a district court order denying his application for post-conviction relief.  We reverse, concluding Dailey’s DUI sentence is illegal, and remand for re-sentencing.

I

[¶2] In 2005, Dailey was convicted upon a jury verdict finding him guilty of manslaughter and of driving under the influence of intoxicating liquor (“DUI”), his fifth offense in seven years.  Dailey was sentenced to serve five years in prison, with forty-two months suspended for five years, and to pay a $1,000 fine on the DUI conviction.  On the manslaughter conviction, he was sentenced to serve ten years in prison and pay a $10,000 fine.  The sentences were ordered to run concurrently.

[¶3] We affirmed the criminal judgment.  
State v. Dailey
, 2006 ND 184, 721 N.W.2d 29.  Addressing a challenge to the sentence, we noted on the DUI conviction that, “Dailey was sentenced to five years, with eighteen months in prison and forty-

two months suspended for five years starting after the ten year incarceration for manslaughter.”  
Id.
 at ¶ 12.  We concluded the sentence was within the statutory sentencing limits.  
Id.

[¶4] In 2010, Dailey filed an application for post-conviction relief under N.D.C.C. ch. 29-32.1, alleging his sentence was illegal.  Following a hearing, the district court denied the application for post-conviction relief, and Dailey appealed.

II

[¶5] The sole issue on this appeal is whether Dailey’s sentence is illegal.  Dailey contends the sentence violates N.D.C.C. § 12.1-32-06.1(1), which provides:

“Except as provided in this section, the length of the period of probation imposed in conjunction with a sentence to probation or a suspended execution or deferred imposition of sentence may not extend for more than five years for a felony and two years for a misdemeanor or infraction from the later of the date of:

a. The order imposing probation;

b. The defendant’s release from incarceration; or

c. Termination of the defendant’s parole.”

Dailey contends his “release from incarceration” for purposes of the statute occurred upon completion of the eighteen-month imprisonment on the DUI charge and he therefore could not be sentenced to a period of probation beginning after expiration of the ten-year imprisonment on the manslaughter charge.  He contends “release from incarceration” under N.D.C.C. § 12.1-32-06.1(1)(b) refers to the period of incarceration on the same offense for which the probation was imposed and therefore his five-year probationary period would commence when the eighteen-month imprisonment on his DUI conviction expired, even though he would remain incarcerated on his manslaughter conviction for another 8½ years and the entire period of probation would be served while he was imprisoned.

[¶6] The district court rejected Dailey’s argument, concluding “probation never runs while you are incarcerated,” “[b]y definition it can’t possibly run,” and a “sentence to probation may not be satisfied while serving time in prison.”  The court concluded N.D.C.C. § 12.1-32-06.1(1) permitted probation to commence upon completion of the longer of the two concurrent sentences and denied the application for post-conviction relief.

[¶7] The district court incorrectly concluded probation cannot start running on one conviction while a defendant remains incarcerated on another conviction.  We have held on several occasions that a period of probation can start while the defendant is still incarcerated.  
See
 
State v. Roth
, 2008 ND 227, ¶¶ 8-10, 758 N.W.2d 686; 
State v. Berger
, 2002 ND 143, ¶¶ 5-12, 651 N.W.2d 639 (2-1-2 decision, with one justice concurring in the result and two justices concurring in the result with a written opinion).  In 
Roth
, we concluded the district court intended the probationary period to commence upon the conclusion of the incarceration on the defendant’s original conviction, even though he was still incarcerated on a separate conviction on unrelated charges.  
Roth
, at ¶ 10.  We based our conclusion upon the fact the district court had not explicitly ordered that probation start “after the conclusion of incarceration or parole on any other unrelated charges,” indicating that the court could have done so.  
Id.

[¶8] In 
Berger
, the defendant was sentenced to serve sixty days by electronic monitoring and supervised probation for one year, and a dispute arose over whether the probation commenced at the date of sentencing or upon completion of the electronic monitoring.  
Berger
, 2002 ND 143, ¶¶ 2-4, 651 N.W.2d 639.  The Court concluded that the conditions of probation would be strictly construed in favor of the defendant because there was no clear expression of the district court’s intent as to the date probation commenced.  
Id.
 at ¶ 7.  Rejecting the State’s contention that periods of incarceration and probation are necessarily separate “and the two do not overlap,” 
id.
 at ¶ 6, this Court concluded probation commenced at the time of sentencing and that violations committed after the probationary period had expired could not be considered on a motion to revoke probation.  
Id.
 at ¶ 12.  Both the opinion for the Court and the concurring opinion recognized that under N.D.C.C. § 12.1-32-06.1(1), a district court may sentence a defendant to simultaneously serve a period of incarceration and a period of probation.  
See
 
Berger
, at ¶ 9; 
id.
 at ¶ 16 (VandeWalle, C.J., concurring in the result).

[¶9] “‘When a question arises concerning the commencement of probation, the controlling consideration is the intention of the trial court imposing the sentence.’” 
Roth
, 2008 ND 227, ¶ 9, 758 N.W.2d 686 (quoting 
Berger
, 2002 ND 143, ¶ 10, 651 N.W.2d 639).  
Here, no question exists about the district court’s intent.  The same district court judge who originally sentenced 
Dailey also presided over the post-

conviction proceedings.  He unequivocally explained the court’s intent that Dailey’s sentences were concurrent but that Dailey serve the five years probation after his release from incarceration on the ten-year manslaughter sentence.  This Court interpreted the original sentence the same way in the first appeal, noting that, “[o]n the count of driving under the influence, Dailey was sentenced to five years, with eighteen months in prison and forty-two months suspended for five years 
starting after the ten year incarceration for manslaughter
.”  
Dailey
, 2006 ND 184, ¶ 12, 721 N.W.2d 29 (emphasis added).

[¶10] The ultimate question in this case is not what the court intended; rather only whether the sentence is illegal.  The dispositive question is whether the district court could sentence Dailey on the DUI conviction to 18 months incarceration and five years of probation with probation commencing after completion of the ten-year period of incarceration for manslaughter.

[¶11] Under the facts of this case, we conclude Dailey’s DUI sentence is illegal.  Dailey was convicted of a class C felony for driving under the influence as a fifth violation in seven years.  He served 18 months on his DUI conviction and thereafter faced an additional 8½ years incarceration on the sentence for manslaughter.  Probation for Dailey’s DUI sentence was limited to no more than five years.  N.D.C.C. § 12.1-32-06.1.  Yet the district court’s DUI sentence was structured so that Dailey was imprisoned for 18 months “and the execution of the balance of 42 months is suspended for a period of 5 years beginning after the period of incarceration.”  The district court made clear that the phrase “after the period of incarceration” in its DUI sentence meant probation would start after 10 years of imprisonment on the manslaughter sentence.  The district court also made clear that the manslaughter sentence was to be “served in its entirety, without benefit of parole or pardon.”  As a result, probation  for the DUI conviction would not and could not be completed within five years of Dailey completing his 18 month period of incarceration for DUI.  The DUI sentence therefore violated the restrictions in N.D.C.C. § 12.1-32-06.1 and was illegal.  As a result, the district court erred denying Dailey’s petition for post conviction relief.

III

[¶12] The order denying Dailey’s application for post-conviction relief is reversed and this case is remanded for re-sentencing on the DUI conviction.

[¶13] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

VandeWalle, Chief Justice, dissenting.

[¶14] I respectfully dissent because I believe the majority attributes words to N.D.C.C. § 12.1-32-06.1(1), the governing statute, that are not in the statute.

[¶15] The majority reads the words “release from incarceration” in the statute to necessarily mean release from incarceration “for the same offense,” words not contained in the statute.  I would not conclude the legislative branch in enacting § 12.1-32-06.1(1) did not realize that a person might be incarcerated for more than one crime at the same time.  Assuming, as I do, the lack of that naivete, the Legislature nevertheless did not include the words the majority now ascribes to the statute.

[¶16] That statute does not contain any language limiting its application to incarceration for the same offense.  Rather, the plain, ordinary and commonly understood meaning of “release from incarceration” is termination of imprisonment and a return back into the community.  Under the ordinary and commonly understood interpretation of the statutory terms, a defendant whose shorter prison term has expired but who remains in prison on a longer sentence is not considered to be “release[d] from incarceration.”  Supporting this interpretation is the view that probation generally is served in the community, unless expressly ordered otherwise by the court.  
See
 
State v. Berger
, 2002 ND 143, ¶¶ 15-16, 651 N.W.2d 639 (VandeWalle, C.J., concurring); 
Black’s Law Dictionary
 1322 (9th ed. 2009) (probation “releases a convicted person into the community instead of sending the criminal to jail or prison”); 21A Am. Jur. 2d 
Criminal Law
 § 844 (2008) (same).  In 
State v. Roth
, 2008 ND 227, ¶ 10, 758 N.W.2d 686, this Court clearly indicated the sentencing court could have made the five-year period of probation commence upon completion of the unexpired sentences on other unrelated convictions, extending the period of probation longer than five years after the expiration of imprisonment on the conviction for which probation was imposed.  Thus, although probation may begin during incarceration when the sentence specifically so provides, we have previously indicated that it ordinarily does not begin until release from incarceration.

[¶17] The majority opinion appears to modify, if not outright reverse, prior opinions of this Court.  In 
Berger
, 2002 ND 143, ¶ 16, 651 N.W.2d 639, in a special concurrence, I observed that “unless . . . the trial court provides to the contrary in the sentence, the period of probation would not begin to run until after the term of imprisonment under the common definition of the term ‘probation.’”  Now, even in those instances in which the trial court specifies the probation should 
not
 begin until release from incarceration, the probation will automatically begin while the defendant remains incarcerated for another conviction.

[¶18] But, more significantly, the result of the majority opinion may very well be that the intent of a judge who believes a defendant should not be released from incarceration without probation and reduces the sentence to incarceration so as to include a period of probation after release from incarceration will be thwarted.  Thus, because of a subsequent conviction for another crime during the time of incarceration and a sentence to further incarceration by a different judge who provides for no probation in the subsequent sentence, that defendant will be released from incarceration without any subsequent period of probation.

[¶19] Section 12.1-32-06.1(1), N.D.C.C., does not prohibit the district court from sentencing a defendant to a period of probation extending five years after the defendant’s actual release from incarceration and return to the community, even if the defendant’s incarceration on the conviction for which probation was imposed expired earlier.  As the majority opinion notes, in 
State v. Dailey
, 2006 ND 184, 721 N.W.2d 29, we concluded the sentence was within the statutory limits.  If the sentence was within the statutory limits it is not illegal.  
See, e.g.
, 
State v. Jacobson
, 419 N.W.2d 899, 903 (N.D. 1988).  I therefore conclude that Dailey’s sentence was not illegal and the district court did not err in denying his application for post-conviction relief.

[¶20] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom