2012 ND 138

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mon Mahon GARGE a/k/a Manmohan Garg, Defendant and Appellant.**

Nos. 20110298, 20110299.

Supreme Court of North Dakota.

July 12, 2012.

Christene Ann Harris, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Clint Derrick Morgenstern, Grand Forks, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Manmohan Garg appeals a district court order denying his motion to withdraw guilty pleas in two criminal cases. Garg argues the district court erred by denying the motion because his attorneys were constitutionally ineffective for failing to advise him of the deportation consequences of the plea agreements as required by the United States Supreme Court decision in *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). We affirm.

I

[¶ 2] Garg is a non-citizen living in the United States. In April 2011, Garg received notice from United States Immigration and Customs Enforcement that his immigration status was being revoked and that he was subject to deportation as a result of two previous criminal convictions in Ward County, North Dakota.

[¶ 3] The first criminal case was initiated in March 1994, when Garg was charged with class C felony attempt to deal in stolen property. Garg hired two attorneys and was represented at his preliminary examination and arraignment. A jury trial was scheduled for March 1995. In January 1995, Garg sent his attorneys letters indicating his desire to terminate

their legal services. Both attorneys moved to withdraw, and the district court granted their motions.

[¶ 4] In February 1995, Garg accepted an agreement in which he pled guilty to class A misdemeanor attempt to commit theft of property. The plea agreement stated that "Defendant, Mon Mahon Garge, pro se" was advised of his right to be represented by an attorney and waived that right. The district court accepted Garg's guilty plea and entered a criminal judgment sentencing Garg to one year incarceration suspended for one year unsupervised probation.

[¶ 5] In August 1995, Garg, represented by a third attorney, moved to modify the criminal judgment. A letter filed with the motion explained:

> "The basis for the request for modification is that at the time of entering into the Plea Agreement, I believe that neither Mr. Garg, pro se, nor the Ward Co. States Attorney's Office was aware of the Immigration and Naturalization Act provisions which provide that an alien who is convicted of a crime involving moral turpitude . . . may be excluded from the United States where they are sentenced to a term of incarceration exceeding six (6) months."

The district court granted the motion and amended Garg's sentence to six months incarceration suspended for two years unsupervised probation.

[¶ 6] The second criminal case was initiated in July 1999, when Garg was charged with class C felony theft of property and class C felony altering or forging a certificate of title to a motor vehicle. Garg hired an attorney and was represented in February 2000 when he pled guilty to altering or forging a certificate of title to a motor vehicle. The district court sentenced Garg to one year incarceration suspended for two years supervised proba-

tion, and the theft of property charge was dismissed.

[¶ 7] In July 2011, Garg moved to withdraw his guilty pleas in both cases, alleging his attorneys were constitutionally ineffective. Garg relied on *Padilla v. Kentucky*, a 2010 decision in which the United States Supreme Court held that "counsel must advise her client regarding the risk of deportation" resulting from a guilty plea and failure to advise is ineffective assistance of counsel. 130 S.Ct. at 1482. Garg argued *Padilla* applied to his 1995 and 2000 convictions and asserted his attorneys were constitutionally ineffective for failing to advise him of the deportation consequences. After a hearing, the district court denied the motion. The district court concluded *Padilla* did not apply retroactively and found Garg's attorneys were not constitutionally ineffective under the prevailing professional norms when Garg pled guilty. The district court further found that even if *Padilla* applied retroactively, Garg's ineffective assistance of counsel claims failed because Garg failed to prove he was prejudiced by his attorneys' alleged deficient performance.

## II

■ [¶ 8] An applicant's attempt to withdraw a guilty plea under the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29–32.1, generally is treated as a motion to withdraw a guilty plea under N.D.R.Crim.P. 11(d). *State v. Howard*, 2011 ND 117, ¶ 3, 798 N.W.2d 675. A defendant who has been sentenced may not withdraw a guilty plea "[u]nless the defendant proves that withdrawal is necessary to correct a manifest injustice[.]" N.D.R.Crim.P. 11(d)(2). "The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of

discretion." *State v. Jones,* 2011 ND 234, ¶ 8, 817 N.W.2d 313 (quotation omitted). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." *Id.* (quotation omitted).

### III

[¶ 9] Garg argues the district court erred by determining the *Padilla* requirement that an attorney advise a client of the deportation consequences of a guilty plea did not apply to his 1995 and 2000 convictions. Garg further argues that his attorneys in both cases were ineffective under *Padilla* for failing to advise him of the deportation consequences and that he was prejudiced by their deficient performance because he would have insisted on going to trial if he had known his guilty pleas could result in deportation. The State responds the district court correctly concluded *Padilla* does not apply retroactively. The State further responds that even under *Padilla,* Garg's ineffective assistance of counsel claims fail because Garg's assertions are not sufficient to prove Garg was denied effective assistance of counsel.

[¶ 10] "A criminal defendant has the right to be represented by counsel under the Sixth Amendment to the United States Constitution and Article I, Section 12 of the North Dakota Constitution." *State v. Dahl,* 2009 ND 204, ¶ 22, 776 N.W.2d 37. The constitutional right to counsel guarantees effective assistance of counsel. *Abdi v. State,* 2000 ND 64, ¶ 29, 608 N.W.2d 292. When reviewing claims of ineffective assistance of counsel, we apply the United States Supreme Court's two-part test from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."

*Id.* at 687, 104 S.Ct. 2052; *see Abdi,* at ¶ 29. To prove "prejudice," a defendant who pleads guilty must prove that "but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Abdi,* at ¶ 29 (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[¶ 11] In our 1994 decision in *State v. Dalman,* 520 N.W.2d 860 (N.D.1994), we considered a postconviction petitioner's argument that her attorneys were constitutionally ineffective for failing to advise her she could be deported as a result of her guilty plea. We rejected the argument, holding deportation was a collateral consequence that could not be the basis of an ineffective assistance of counsel claim. *Id.* at 863–64.

[¶ 12] In 2010, the United States Supreme Court considered the same argument in *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In *Padilla,* the Court concluded *Strickland* applied to a petitioner's claim that his attorney was constitutionally ineffective for failing to advise him of the deportation consequences of his guilty plea. *Padilla,* at 1482. The *Padilla* holding effectively overrules our decision on this issue in *Dalman.*

[¶ 13] In analyzing the first *Strickland* prong, the *Padilla* Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Padilla,* 130 S.Ct. at 1482. The Court explained the nature of advice re-

quired depends on the complexity of the relevant immigration law. *Id.* at 1483. When "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence[,]" an attorney must advise a defendant of the consequence. *Id.* When the law is less clear, as with crimes involving moral turpitude, an attorney's duty is more limited. *Id.* at 1483 (majority opinion), 1488–89 (Alito, J., concurring). "When the law is not succinct and straightforward[,] ... a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 1483. The Court concluded Padilla proved deficiency because "[t]he consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect." *Id.* The Court did not determine whether Padilla proved the second *Strickland* prong, instead remanding for the Kentucky courts to consider the issue in the first instance. *Padilla,* at 1483–84. The Court stated that to prove prejudice, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 1485.

[¶ 14] Since *Padilla* was decided, lower courts considering whether the decision applies retroactively have reached conflicting results, and the federal circuit courts of appeals have split on the issue. *See United States v. Chang Hong,* 671 F.3d 1147 (10th Cir.2011) (holding *Padilla* was not retroactively applicable to case on collateral review); *Chaidez v. United States,* 655 F.3d 684 (7th Cir.2011), *cert. granted,* — U.S. ——, 132 S.Ct. 2101, 182 L.Ed.2d 867 (2012) (No. 11–820) (same); *United States v. Orocio,* 645 F.3d 630 (3d Cir.2011) (holding *Padilla* was retroactive-

ly applicable to case on collateral review). Neither we nor the United States Court of Appeals for the Eighth Circuit has decided whether *Padilla* applies retroactively. We decline to do so in this case. "It is well-established an appellate court need not address questions, the answers to which are unnecessary to the determination of an appeal." *Clark v. State,* 2001 ND 9, ¶ 9, 621 N.W.2d 576. We need not consider the retroactive application of *Padilla* because, even assuming arguendo that *Padilla* applies, Garg's ineffective assistance of counsel claims fail as (1) Garg was not represented by an attorney when he accepted the plea agreement in the first criminal case and (2) Garg failed to prove he was prejudiced by his attorney's alleged failure to advise him of the deportation consequences of the second conviction where the record unequivocally shows Garg knew about deportation considerations after his first criminal case.

A

[¶ 15] A corollary to a criminal defendant's constitutional right to counsel is the defendant's right to self-representation. *Dahl,* 2009 ND 204, ¶ 22, 776 N.W.2d 37. "A defendant must be competent to waive the right to counsel, and the waiver must be knowing, voluntary, and intelligent." *Id.* (citing *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " *State v. Hart,* 1997 ND 188, ¶ 25, 569 N.W.2d 451 (quoting *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

[¶ 16] Garg terminated the representation of his first two attorneys before accepting the 1995 plea agreement. The plea agreement stated Garg was pro-

ceeding pro se and advised Garg of his right to an attorney. Garg does not claim he did not knowingly, voluntarily and intelligently waive that right and concedes he represented himself in the change of plea and sentencing proceedings. However, Garg now claims he was denied his constitutional right to effective assistance of counsel because he was not properly advised before accepting the plea agreement. Because Garg was not represented when he pled guilty, none of the attorneys representing Garg during the proceedings were required to advise Garg of the consequences of the plea, and Garg's claim he was denied effective assistance of counsel in the first criminal proceeding cannot succeed. The district court did not abuse its discretion by denying Garg's motion to withdraw his 1995 guilty plea because Garg was not represented by an attorney when he accepted the plea agreement.

### B

[¶ 17] Regarding the 2000 case, Garg supports his claim he was prejudiced by his attorney's alleged failure to advise him of the deportation consequences of his guilty plea with his affidavit stating that he was unaware he could face deportation as a result of the criminal conviction and that had he known deportation could result, he would not have accepted the plea agreement.

[¶ 18] "A court need not address both prongs of the ineffective assistance of counsel standard if a defendant clearly fails to meet his burden on one of the prongs." *Klose v. State*, 2005 ND 192, ¶ 10, 705 N.W.2d 809. "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Wong v. State*, 2011 ND 201, ¶ 15, 804 N.W.2d 382 (quotation omitted). We review a district court's findings of fact in a postcon-

viction proceeding for clear error under N.D.R.Civ.P. 52(a)(6). *Wong*, at ¶ 4. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* (quotation omitted).

[¶ 19] The district court found Garg's assertion he was unaware he could face deportation as a result of his 2000 conviction was not credible, stating:

"[B]ased on what transpired in connection with the entry of the Order Amending Criminal Judgment in the 1994 matter, Garg can reasonably be charged with *actual notice* of the possible adverse consequences to his immigration status (i.e., deportation from the United States) which could ensue from being convicted of the Altering or Forging a Certificate of Title to a Motor Vehicle charge in 2000."

The finding was not clearly erroneous. Even assuming Garg's attorney failed to advise him of the deportation consequences of the 2000 guilty plea, Garg cannot prove *Strickland* prejudice because he knew the guilty plea could result in deportation as a result of his involvement in prior criminal proceedings. Because Garg failed to prove prejudice, the district court did not abuse its discretion by denying his motion to withdraw his 2000 guilty plea.

### IV

[¶ 20] We affirm the district court order denying Garg's motion to withdraw his guilty pleas.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY

MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.