FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 4, 2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 60

State of North Dakota,                           Plaintiff and Appellee

v.

Cory R. Henke,                                   Defendant and Appellant

## No. 20230302

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Beau M. Cummings, State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Cory Henke appeals from a jury verdict, a district court judgment, and sentencing for corruption or solicitation of a minor. Henke argues he was convicted of a non-cognizable offense and received an illegal sentence. We affirm.

I

[¶2]   On the evening of September 2, 2021, M.B., a 15-year-old, left her home and joined Henke, a 50-year-old, in his pickup. After M.B. left with Henke, a parent pursued but was unable to apprehend them.

[¶3]   Henke and M.B. pulled into a field where Henke gave M.B. the choice of using drugs or having sex. M.B. chose to use drugs. After taking drugs, Henke and M.B. went to Henke's home in Devils Lake where the police recognized the pickup and arrested Henke.

[¶4]   The State charged Henke with "Corruption/Solicitation of a Minor" aged 15 when the defendant is at least 22 years old, N.D.C.C. § 12.1-20-05(2), and luring a minor by computer. On August 17, 2023, the district court convened a two-day jury trial. The jury found Henke guilty of "Corruption/Solicitation of a Minor" aged 15 when the defendant is at least 22 years old, but did not find him guilty of luring a minor by computer.

[¶5]   The district court sentenced Henke to five years imprisonment with credit for 714 days served, and the balance suspended. The court ordered probation to begin when the Department of Corrections released Henke after a three-year sentence on unrelated charges. The court stated, "[a]nd my expectation is that, once you're off parole, you're going to be on supervised probation on this case for five years." The court noted that it wanted "the most time hanging over [Henke's] head, and I want [Henke] to be on supervised probation for five years from [his] date of release from parole." Henke's unrelated charges were possession of a controlled substance with the intent to

1

deliver and possession of drug paraphernalia. Both are felonies and both occurred in 2021. Henke received his sentence for these charges before December 2021 and served 714 days of his sentence by the end of trial for the solicitation of a minor. Henke timely appealed.

## II

[¶6] Henke argues an improper jury instruction was used, creating an obvious error that resulted in convicting Henke of a non-cognizable crime. Henke requested that the district court give the jury instruction for solicitation of a minor. The district court used Henke's requested instruction. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v. Houle*, 2022 ND 96, ¶ 7, 974 N.W.2d 401. Under the invited error doctrine, a "defendant [cannot] sit by and invite the error in the hope that if he did not prevail the first time, he would prevail upon appellate review of invited error." *State v. Bird*, 2015 ND 41, ¶ 24, 858 N.W.2d 642.

[¶7] "The 'invited error doctrine' applies unless a constitutional error is structural, but few constitutional errors qualify as structural." *Houle*, 2022 ND 96, ¶ 7; *see also United States v. Marcus*, 560 U.S. 258, 263 (2010) (list of recognized structural errors including an erroneous reasonable doubt instruction). Obvious error analysis "does not apply to errors waived through the doctrine of invited error." *State v. Yoney*, 2020 ND 118, ¶ 12, 943 N.W.2d 791; N.D.R.Crim.P. 52(b).

[¶8] Henke's claimed error is not structural. But the error was invited because he requested use of the instruction and did not thereafter object or attempt to stop the district court from using his requested jury instruction. We therefore decline to further review whether Henke's requested instruction erroneously advised the jury on the law.

## III

[¶9] Henke argues the district court imposed an illegal sentence because the court ordered his probation to begin after the DOCR released him from custody

2

on the non-related charges. Henke further alleges the court's order for probation created ambiguity by failing to say when his probation would begin. He argues this ambiguity requires that his probation start on the date the court sentenced him.

A

[¶10] Henke cites us to N.D.R.Crim.P. 35(a)(1), which provides, "The sentencing court shall correct an illegal sentence at any time." However, Henke did not make a Rule 35 motion in the district court, and we do not have the district court's ruling on such a motion. Under these circumstances, "Our review of the sentence is generally confined to whether the court acted within the statutory sentencing limits." *State v. Murchison*, 2004 ND 193, ¶ 15, 687 N.W.2d 725. "When a question arises concerning the commencement of probation, the controlling consideration is the intention of the trial court imposing the sentence." *Dailey v. State*, 2011 ND 223, ¶ 9, 807 N.W.2d 225 (cleaned up).

[¶11] Under our cases, a sentence becomes illegal when the sentence is no longer within the statutory limits or the sentence is unable to be served within the statutory limits. *State v. Glasser*, 2021 ND 60, ¶ 7, 956 N.W.2d 373 (list of illegal sentences recognized); *Dailey*, 2011 ND 223, ¶ 11. Henke claims the lack of a date certain for commencement of his probation violates the law. Henke relies on our decision in *Dailey* to mean release from incarceration must be related to the crime being sentenced. "If it did not, there would be no way to ensure that probation was not imposed past the maximums allowed." Like the dissent in *Dailey*, Henke reads that majority opinion too narrowly.

[¶12] The problem with the district court's sentence in *Dailey* was not that more than one crime was or might have been involved, as suggested by the dissent. The problem was that under the math used by the district court, the period of incarceration and the start and duration of probation made the resulting sentence illegally long. 2011 ND 223, ¶ 11. Therefore, we held in *Dailey* that "probation for the DUI conviction would not and could not be

3

completed within five years of Dailey completing his 18 month period of incarceration for DUI." *Id.*

[¶13] Here, Henke's sentence for solicitation of a minor is a class C felony, the punishment for which includes a mandatory minimum probation of five years and a maximum probation of ten years. N.D.C.C. § 12.1-32-06.1(4). The district court sentenced Henke to five years of probation to begin when he was released on parole for unrelated crimes. Thus, under *Glasser* and the facts of this case as currently known, Henke's sentence is legal because he has not established he will be on probation for less than five years or more than ten years after release from custody for solicitation of a minor.

[¶14] The next question is whether Henke will be able to serve his sentence within statutory limits. The district court ordered Henke's probation to begin when he is released from the DOCR on his unrelated crimes. Henke's unrelated crimes included two felony charges: possession of a controlled substance with intent to deliver and possession of drug paraphernalia. It is unknown what level of felonies he was charged with, but Henke received a three-year sentence for these charges and spent 714 days incarcerated before he was sentenced for solicitation of a minor. Thus, mathematically, Henke's sentence for the unrelated charges would delay his probation by 381 days. His probation would end six years and 18 days after he was sentenced, which is well within ten years. N.D.C.C. § 12.1-32-06.1(4). Thus, Henke's sentence is legal under *Dailey*. 2011 ND 223, ¶ 11 (probation could not be completed within five years of completing an 18-month sentence).

[¶15] The fact that Henke's sentence could become impermissibly long if parole was extended, he breaks the law, or a litany of other reasons for not being released, does not change the present state of the record. Under the record as we have it, his sentence is within statutory limits. Therefore, the district court did not abuse its discretion by sentencing Henke to probation for five years commencing on his release from incarceration on the unrelated charges.

4

B

[¶16] Henke alleges the district court's sentencing order is ambiguous because it is unclear when probation begins. He alleges the ambiguity must result in his probation starting when the court sentenced him. Henke argues the sentencing in *State v. Berger* is comparable. 2002 ND 143, 651 N.W.2d 639. We disagree.

[¶17] A sentence can become illegal when it "is ambiguous with respect to the time and manner in which it is to be served." *Glasser*, 2021 ND 60, ¶ 7. This Court has held the conditions of probation are "to be strictly construed in favor of the offender," which mandates a sentence be "certain, definite, or free from ambiguity, and serious uncertainty in the sentence should be resolved in favor of liberty." *Berger*, 2002 ND 143, ¶ 7. "If a condition of probation is capable of two reasonable constructions, we will construe the condition in favor of the offender." *Id*. But when "a question arises concerning the commencement of probation, the controlling consideration is the intention of the trial court imposing the sentence; that intent is to be found in the language employed to create the probationary status." *Id*. at ¶ 10.

[¶18] The district court sentenced Henke to five years with credit for 714 days, and the balance suspended. The court told Henke that his probation would begin when he was released from the DOCR on unrelated charges. The court clarified Henke's sentence by stating, "my expectation is that, once you're off parole, you're going to be on supervised probation on this case for five years." The judge told Henke he wanted "the most time hanging over your head, and I want you to be on supervised probation for five years from your date of release from parole." Henke would have been on parole in January 2023 if the solicitation of a minor charge was not pending.

[¶19] The district court's intent for Henke's sentence and the sentence itself is not ambiguous, and therefore this case is not like the situation in *Berger*. In *Berger*, the defendant was given conflicting directions about when to report for probation. 2002 ND 143, ¶ 11. The court ordered probation to commence on August 1. Brief of Appellant at 7, *Berger*, 2002 ND 143 (No. 9). The court provided Berger with a probation card stating he needed to contact his

probation officer no later than the next business day, which was July 11, 2000. *Id.* at 7-8. The court also told Berger his probation conditions required him to report one day after release from incarceration. *Id.* at 8. Berger had several reasonable interpretations about the starting date for his probation. *Id.* at 7-8. This Court held Berger's probation began on the day the court sentenced him because the district court's intent was ambiguous when it sentenced him. *Berger*, at ¶ 12.

[¶20]  Here, the district court's intent for the sentence and the sentence itself is clear because it specified that probation started the day Henke was released from the DOCR on the non-related convictions. This is not ambiguous for reasons including that Henke and the court discussed the unrelated charges, noting these charges had a three-year sentence, and Henke would have been released on parole in January 2023, but for the pending charge for soliciting a minor. While we agree the district court could have been clearer by choosing a specific date, a reasonable interpretation exists for when Henke would be released, and thus, when his probation would begin. Under the facts of this case, the sentence is not ambiguous and the court did not abuse its discretion sentencing Henke.

IV

[¶21] The district court did not abuse its discretion because Henke's probation was within the statutory limits. Moreover, the starting date of Henke's probation was not ambiguous. We decline to review the issue of jury instructions because it was an invited error. The district court's judgment is affirmed.

[¶22]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr